HENRY H. HORNER

*v.*

VIRGINIA E. GOE *et al.*

WRIT OF ERROR TO A COUNTY COURT.    A writ of error does not lie to a county court, to bring in review the propriety of the action of that court in the appointment of an administrator.

This is a writ of error to the county court of St. Clair county, by which it is sought to bring in review the action of that court in appointing Virginia E. Goe co-administrator, with Henry H. Horner, of the estate of Nathan Horner, deceased. It

appears from the record that on the first of February, 1870, Henry H. Horner applied for letters of administration on said estate, which were granted to him.   On the same day application was make by Virginia E. Goe for administration on the same estate, which the court refused, because letters had already been granted to Henry H. Horner.   Previous to the nineteenth of February, 1870, a summons had issued for said Henry Horner to show cause why his letters of administration should not be revoked.   On that date, said Henry Horner appearing, the court ordered that Virginia E. Goe be appointed co-administrator.   From this order Henry H. Horner appealed to the circuit court, which appeal, as appears by the writ of *procedendo* filed in the county court, was dismissed, whereupon he sued out this writ of error and assigns for error the order by which Virginia E. Goe was appointed co-administrator, and that the court had no jurisdiction to make said appointment.

Messrs. G. & G. A. KŒRNER, for the plaintiff in error.

Mr. WILLIAM H. UNDERWOOD, for the defendants in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The only question presented by this record is, will a writ of error lie to a county court in a case in which that court has exclusive original jurisdiction in granting letters of administration ?

It is unnecessary to go into the argument of the question, as it has been settled by this court that it does not lie to bring in review before this court the action of that court in the appointment of an administrator on an estate.   *Hobson et al.* v. *Paine,* 40 Ill. 25.

The distinction between such a case and the case of the *Unknown heirs of Langworthy* v. *Baker,* 23 Ill. 484, is therein clearly stated.   In the last named case it was held, inasmuch as the legislature had conferred upon county courts concurrent

jurisdiction with the circuit courts to grant an order to sell the lands of a decedent for the purpose of paying his debts, and no appeal being provided, a writ of error would lie. But the proceedings of a county court in such a matter were subject to review in the same manner as proceedings in the circuit court could be reviewed in like applications. But in granting letters of administration, the jurisdiction of the county court is exclusive.

The writ of error must be dismissed.