## THE QUINCY RAILROAD BRIDGE COMPANY

*v.*

## THE CITY OF QUINCY.

1. APPEAL—*from county to the Supreme Court.* Under the act of 1873, entitled "An act in regard to the assessment of property, and the levy and collection of taxes by incorporated cities in the State," an appeal would lie from the judgment of the county court against lands for taxes, to the Supreme Court.

2. Under the law in force in 1873, the only mode in which such judgments could be reviewed was by appeal. A writ of error would not lie.

3. WRIT OF ERROR—*act of* 1874 *not retrospective.* The act of 1874, allowing writs of error to be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court, in proceedings for the sale of lands for taxes, is not retrospective, and hence it will not lie to reverse a judgment which became absolute before the act took effect.

WRIT OF ERROR to the County Court of Adams county; the Hon. J. C. THOMPSON, Judge, presiding.

This was an application by the treasurer of Adams county, for judgment against real estate for taxes due the city of Quincy.

Messrs. WHEAT, EWING & HAMILTON, for the plaintiff in error.

Mr. A. WHEAT, JR., and Messrs. WHEAT & MARCY, for the defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The judgment in this case was rendered in the county court of Adams county, upon the application of the county treasurer, against lands of the Bridge Company, for taxes levied by the city of Quincy for the year 1873, under the act of the General Assembly in force July 1, 1873, entitled "An

act in regard to the assessment of property, and the levy and collection of taxes by incorporated cities in the State." The judgment was rendered at the December term, 1873, of the county court, at which term an appeal was prayed to the Supreme Court by defendant, but never perfected.

By the 16th section of the act of 1873, provision was made for an appeal, in this class of cases, from judgments of the county court. While there is some obscurity in the statute, we are of opinion the true construction is, the appeal given was to be taken directly to the Supreme Court. However this may be, an appeal was given, either directly to the Supreme Court, or to the circuit court, on complying with the conditions of the statute. No provision was made by that act, nor by any general law, for suing out a writ of error from the judgments of the county court to the Supreme Court, in revenue cases. Under the law, as it then stood, the only mode in which such judgments could be reviewed was upon appeal. A writ of error would not lie. The authority of the cases heretofore decided by this court is conclusive on this point. *Hobson et al.* v. *Paine,* 40 Ill. 25; *Horner* v. *Goe,* 54 Ill. 285; *Frans* v. *The People,* 59 Ill. 427. The reason assigned for the decision in the latter case is, that because under the law an appeal might have been taken from the decision of the county court to the circuit court, no writ of error would lie from the Supreme Court directly to the county court. That is the exact case at bar. Here, an appeal was expressly given by statute, and because an appeal might have been taken by defendant from the judgment of the county court, we are of opinion this writ of error will not lie.

This writ of error was sued out in December after the act of 1874, to extend the jurisdiction of county courts, took effect. That act provides, appeals and writs of error may be taken and prosecuted from the final orders, judgments and decrees of the county court to the Supreme Court, in proceedings for the sale of lands for taxes. Sec. 188, R. S. 1874.

But it can hardly be maintained that act can have any retroactive operation, in the absence of any words manifesting such intention. Its provisions are all prospective. The judgment in this case had become absolute long before the act of 1874 was in force. We are unwilling to construe this statute as allowing writs of error in cases that had previously, by the lapse of time, become conclusive of the rights of the parties, when no such intention appears by any fair construction.

Whatever remedy plaintiff in error may have had, was under the act of 1873, and having failed to perfect an appeal under that statute, the right to have the case reviewed in this court is now forever lost.

Our judgment is, the writ of error in this case was sued out without authority of law, and must be dismissed, which is accordingly done.

*Writ of Error dismissed.*