O. G. BEATTY *et al.* Appellants, *vs.* WILLIAM J. ZIMMER-MAN *et al.* Appellees.

*Opinion filed February 25, 1911.*

DRAINAGE—*persons petitioning to dissolve district must own at least three-fourths of assessed lands.* Section 1 of the act of 1889, for the dissolution of drainage districts, (Laws of 1889, p. 117,) in requiring the petition to be signed by not less than four-fifths of the *adult* land owners of the district who own, in the aggregate, not less than three-fourths in area of the assessed lands thereof, does not mean three-fourths in area of the land owned by adults, but of the aggregate assessed lands of the district, including the lands of minors.

APPEAL from the County Court of Montgomery county; the Hon. JOHN L. DRYER, Judge, presiding.

HILL & BULLINGTON, for appellants.

TAYLOR & TAYLOR, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

This is an appeal from an order of the county court of Montgomery county dismissing a petition for the dissolution of Union Drainage District No. 1 of the towns of Raymond and Harvel, county of Montgomery, State of Illinois. A determination of the only question presented by the brief of appellants depends upon the construction to be given section 1 of an act entitled "An act to provide for the dissolution of drainage districts," approved June 4, 1889, in force July 1, 1889. (Laws of 1889, p. 117.) That section, after the enacting clause, is as follows: "That any drainage district may be dissolved by the order of the county court of the county wherein the same is organized, upon a hearing had on a verified petition praying such dissolution, signed by not less than four-fifths of the adult land owners of such district, who own in the aggregate not

less than three-fourths in area of the assessed lands thereof,
when it shall be determined by the court that not less than
six weeks' notice of such hearing has been given by posting
notices in six of the most public places of the district sought
to be dissolved, and by the insertion in a weekly newspaper
of such county for six successive weeks next prior to such
hearing, and that no indebtedness of such district exists and
the costs of dissolution have been advanced: *Provided,* the
waterways and other improvements of dissolved districts
shall be and remain for the common use of and improve-
ments by the land owners of said district so dissolved."

The appellants concede that the petitioners did not own
three-fourths of the entire acreage of the district. The
contention of appellants is, that under this section of the
statute the petition is only required to be signed by persons
owning three-fourths of the land owned by the adult land
owners of the district, and they concede that if it be held
that this section requires the four-fifths of the land owners
petitioning for dissolution to own three-fourths of all the
land in the district, including that owned by minors, then
the judgment of the county court should be affirmed. Ap-
pellants insist that that part of the section providing that the
petition shall be "signed by not less than four-fifths of the
adult land owners in such district, who own in the ag-
gregate not less than three-fourths in area of the assessed
lands thereof," means and intends that the petitioners shall
be the owners of not less than three-fourths in area of the
assessed land owned by the adult land owners, and in sup-
port of their contention urge that the words "three-fourths
in area of the assessed lands thereof" refer back to the
land owned by the adult land owners of the district. This
section will not bear that construction. The language is
plain and unambiguous. The word "thereof" refers to "dis-
trict," and the plain requirement of the section is that the
petitioners must own, in the aggregate, not less than three-

fourths in area of the assessed land of the district. As the petition did not contain the requisite number of signers it was properly dismissed.

The judgment of the county court is affirmed.

*Judgment affirmed.*