JOHN W. KLINE *et al.* Appellants, *vs.* CHARLOTTE L. BARNES *et al.* Appellees.

*Opinion filed June 20, 1911.*

1. CONSTITUTIONAL LAW—*doubts as to constitutionality of statute are resolved in its favor.* All doubts or uncertainties as to the constitutionality of an act must be resolved in its favor.

2. SAME—*provision for an appeal is germane to act concerning jurisdiction of court.* A provision for an appeal or writ of error is germane to and within the title of an act conferring jurisdiction upon a court.

3. SAME—*section 3 of act of 1909, giving circuit courts concurrent jurisdiction in drainage cases, is valid.* Section 3 of the act of 1909, (Laws of 1909, p. 171,) giving circuit courts concurrent jurisdiction with county courts in drainage proceedings, is not invalid because it provides for an appeal to the Supreme Court

whereas no mention is made of such appeal in the title, as the provision for an appeal is germane to and within the title.

4. DRAINAGE—*dissolution of district is within the act of 1909.* The act of 1909, conferring upon circuit courts concurrent jurisdiction with county courts in drainage proceedings, was intended to, and does, embrace proceedings for the dissolution of drainage districts under the act of 1889.

5. SAME—*appeal from order of county court denying petition to dissolve district lies to Supreme Court.* Under the act of 1909 an appeal from an order of the county court denying a petition to dissolve a drainage district lies to the Supreme Court, and the circuit court has no jurisdiction to entertain such appeal. (*Myers* v. *Newcomb Drainage District*, 245 Ill. 140, explained.)

APPEAL from the Circuit Court of Logan county; the Hon. T. M. HARRIS, Judge, presiding.

S. L. WALLACE, DONALD McCORMICK, PETER MURPHY, and HUMPHREY & ANDERSON, for appellants.

KING & MILLER, and BEACH & TRAPP, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellants, John W. Kline and E. W. Bates, were two of a large number of persons who signed and presented to the county court of Logan county a petition for the dissolution of the Salt Creek Special Drainage District, in said Logan county. The petition for dissolution of the district was filed under the provisions of the act of June 4, 1889, which gives the county court jurisdiction to dissolve a drainage district upon a petition signed by not less than · four-fifths of the adult land owners who own not less than three-fourths in area of the land assessed, upon due notice being given as required by the act. A hearing was had upon the petition, and at the December term of the county court a judgment was entered denying the petition and dismissing the same. Kline and Bates, two of the petitioners, appealed from the judgment of the county court to the circuit court of Logan county. In the circuit court appel-

lees moved to dismiss the appeal on the ground that the circuit court had no jurisdiction to entertain the appeal and that it should have been prosecuted directly to the Supreme Court. The circuit court sustained the motion and dismissed the appeal. From that judgment Kline and Bates have prosecuted an appeal to this court.

If the circuit court had no jurisdiction to entertain the appeal the judgment of that court was right and must be affirmed. By an act of the legislature approved and in force June 5, 1909, entitled "An act to give circuit courts of this State, and the superior courts of Cook county, in term time, and judges thereof in vacation, concurrent jurisdiction with the county courts, in all matters pertaining to the organization of farm drainage districts, and farm drainage and levee districts, and the operation thereof, and to [repeal] all acts in conflict herewith," (Laws of 1909, p. 171,) circuit courts and the superior courts of Cook county were given concurrent jurisdiction with county courts "in all matters pertaining to the organization of farm drainage districts, and farm drainage and levee districts, and the operation thereof; and when proceedings under this act are pending in the circuit court, such court shall have power to make all necessary orders affecting the district or its officers as fully as is now vested in the county courts," and it is made the duty of the clerk of the circuit court to perform the same acts required of the clerk of the county court when the proceedings are pending in the county court. Section 3 of the act is as follows: "Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court." If that act is a valid act, then it is clear the circuit court had no jurisdiction to entertain the appeal and it should have been prosecuted from the county court directly to this court.

Appellants say it is doubtful whether the third section of the act is constitutional, in that it provides for appeals

to the Supreme Court, which subject is not mentioned or referred to in the title of the act. The rule is that all doubts or uncertainties as to the constitutionality of an act must be resolved in favor of its validity. (*Claffy* v. *Chicago Dock Co.* 249 Ill. 210.) But we do not consider the validity of section 3 even doubtful. It is germane to the subject expressed in the title. (*Fleischman* v. *Walker,* 91 Ill. 318.) The Appellate Court act is entitled "An act to establish Appellate Courts," but it contains provisions for appeals to the Supreme Court. The Municipal Court act of the city of Chicago is entitled "An act in relation to a municipal court in the city of Chicago," and contains provisions for appeals to and writs of error from the Appellate and Supreme Courts. Such provisions are necessary for the accomplishment of the legislative purpose, and do not violate the constitutional provision that no act shall embrace more than one subject, and that shall be expressed in the title. "An act may contain many provisions and details for the accomplishment of the legislative purpose, and if they legitimately tend to effectuate that object the act is not contrary to the constitutional provision." *People* v. *McBride,* 234 Ill. 146.

It is further contended by appellants that the act of 1909 does not confer upon circuit courts concurrent jurisdiction with county courts in proceedings for the dissolution of drainage districts, and that appeals from orders in that class of proceedings are not governed by the act of 1909. We are of opinion said act was intended to be, and is, broad enough to include proceedings for the dissolution of drainage districts. In *Beatty* v. *Zimmerman,* 249 Ill. 180, this court entertained an appeal direct from the county court from a judgment of said court dismissing a petition to dissolve a drainage district, and in *Boston* v. *Kickapoo Drainage District,* 244 Ill. 577, we entertained a writ of error to review a judgment of the county court rendered October 1, 1909, denying a petition, filed under the provi-

sions of section 44 of the Levee act, to abandon and abolish a district. While it is not so stated in *Myers* v. *Commissioners of Newcomb Special Drainage District,* 245 Ill. 140, the fact is, in that case the judgment the writ of error was sued out to review was rendered before the passage of the act of 1909.

In our opinion the circuit court properly dismissed the appeal, and its judgment is affirmed.

*Judgment affirmed.*