NOAH C. BAINUM, Appellant, vs. THE COMMISSIONERS OF RANDOLPH DRAINAGE DISTRICT No. 1, Appellees.

*Opinion filed February 20, 1913.*

1. DRAINAGE—*appeal from order authorizing commissioners to do additional work lies to Supreme Court.* Under the act of 1909 (Laws of 1909, p. 171,) an appeal lies to the Supreme Court from an order of the county court granting the prayer of a petition by commissioners of a levee drainage district to do additional work.

2. SAME—*when county court may order levee drainage commissioners to do additional work.* Where, owing to an error in the plans and specifications of a levee drainage district, certain of the lands, the assessments against which have been paid, receive no benefit from the work, the county court may, under section 37 of the Levee act as amended in 1909, authorize the commissioners to do additional work which will make the improvement beneficial to such lands and pay for the same out of an unexpended balance in their hands from the original assessment, and the fact that some lands of the district have been benefited to the extent they have paid for the drainage does not give the owners thereof the right to object to such action.

3. SAME—*what is not an attack upon judgment of confirmation.* The fact that additional work is made necessary by an error in the plans and specifications for the original drainage improvement does not make the petition for an order for such additional work an attack upon the judgment confirming the original assessment, as the power of the commissioners is not exhausted when they have completed the work as originally planned, if it is found that it does not afford a system of drainage which will protect all the lands in the district.

4. SAME—*what is not proof that a sub-district has been organized.* An exhibit consisting of a plat of a drainage district, upon which is an explanatory note saying that it shows the location of that part of the ditch for the "proposed Lamont Sub-drainage District in the Randolph Drainage District No. 1, in White county, proposed to be constructed by and at the expense of the Randolph Drainage District," cannot be accepted as proof that such sub-district has been organized.

5. SAME—*it is the duty of commissioners to provide drainage for lands which have paid therefor.* After lands in a levee drainage district have paid for drainage they are entitled to it, and it is the duty of the commissioners to provide it for them.

6. APPEALS AND ERRORS—*when an objection that accounts filed by commissioners are not properly itemized will not be considered.* An objection that the accounts filed by drainage commissioners are not sufficiently itemized and explicit as to receipts and expenditures will not be considered by the Supreme Court where the account is not abstracted as required by the rules of that court.

APPEAL from the County Court of White county; the Hon. JULIUS C. KERN, Judge, presiding.

NOAH C. BAINUM, *pro se.*

CONGER, PEARCE & CONGER, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

Randolph Drainage District No. 1, in White county, was organized under the Levee act, and the drains and ditches were constructed in accordance with the plans, profiles and specifications adopted. After paying the cost of the work there remained in the hands of the commissioners a balance of $1563.15. In July, 1912, the commissioners of the drainage district filed in the county court of White county a petition alleging that by reason of an error in the plans and specifications for the work some of the lands in the district were not, and could not be, properly drained by the drains then in existence and were not receiving the benefits they were entitled to by virtue of the assessments made against the lands and collected from the owners thereof, and that it was necessary to construct an additional ditch to drain the said lands. With the petition the commissioners filed plans, plats and profiles for the additional ditch claimed to be necessary, with an estimate of its cost, $749.80. With the petition the commissioners also filed an account of the receipts and expenditures of moneys collected by them from assessments against the lands of the district. The ditch proposed to be constructed was ninety rods long. A number of land owners, including appellant,

filed objections to the petition and moved for its dismissal. The motion to dismiss was denied and all of the objections filed were overruled except the first, which was as to the sufficiency of the account filed by the commissioners. Upon the sustaining of that objection the commissioners were granted leave to, and did, file an amended account, and thereupon the court overruled all objections, and after a hearing under the petition granted the prayer thereof. This appeal is prosecuted from that judgment and order of the county court.

Appellees ask that the appeal be dismissed upon the ground that the right to appeal in such cases is purely statutory and that there is no statute authorizing the appeal to this court. We think the appeal is authorized by the act of June 5, 1909, which was before this court in *Kline* v. *Barnes,* 250 Ill. 404.

The only testimony offered on the hearing was that of the engineer of the district. He testified that the lands in the district receiving greatest benefits from the drainage, and which were scaled at 100, were assessed at $6 per acre; that the lands to be benefited by the construction of the proposed ditch were assessed and had paid an average of $3.99 per acre, but the ditches constructed entirely failed to drain those lands and they received practically no benefit therefrom, and that if the cost of the proposed ditch was required to be paid by those land owners it would amount to an additional $6.53 per acre against their lands, making a total cost to them of the drainage of $10.52, as against $6 per acre paid for the land supposed to receive the greatest benefit from the ditches of the district. The engineer further testified that the proposed ditch was necessary to give all the lands in the district the drainage contemplated at the time the district was organized.

The petition was filed and the proceedings had under section 37 of the Levee act as amended in 1909, and appellant contends that said section does not authorize such

a proceeding. No question is raised as to proper notice having been given and of the court having jurisdiction of the parties if the statute authorized the filing of the petition for the purpose for which this petition was filed. So much of said section 37 as is here involved reads: "Said commissioners may use money arising from the collection of assessments or coming into their hands, as such commissioners, for the purpose of  *  *  *  constructing or repairing or maintaining any ditch, ditches, drains, levee or levees within said district, or outside of said district, necessary to the protection of the lands and complete drainage of the same within said district: *Provided,* that the commissioners shall use such money under the direction or approval of the court." (Laws of 1909, p. 192.)

As we understand appellant's position, he does not deny section 37 confers authority upon the court to authorize additional work under the circumstances here shown to exist if it is for the benefit of the land owners in the whole district, but he asserts in his brief that the ditch proposed to be constructed is wholly within the limits of a proposed sub-district and is part of the drainage of said proposed sub-district. We do not understand that question is before us. There is no proof in this record that any sub-district exists within the boundaries of Randolph Drainage District No. 1. Appellant refers to a plat of the proposed district in the record, marked Exhibit "A," on which is an explanatory note stating that it shows the location of that part of the ditch for "proposed Lamont Sub-drainage District in the Randolph Drainage District No. 1, in White county, Illinois, proposed to be constructed by and at the expense of the Randolph Drainage District." This certainly can not be accepted as proof that the Lamont sub-district had already been organized. If it proves anything, it proves that it was proposed to organize a sub-district. The undisputed proof shows that lands in Randolph Drainage District which had been assessed and paid substantially $4 per

acre for drainage were receiving no benefits and that the proposed ditch was necessary to give them the benefits they had paid for. The owners of those lands had contributed their share of the cost of the construction of the work which did afford drainage to other lands in the district. They contributed their share of the balance left in the hands of the commissioners after paying the cost of the work done according to the original plans and specifications. After having paid for drainage they were entitled to it, and it was the duty of the commissioners to provide it for them. (*Peotone Drainage District* v. *Adams,* 163 Ill. 428; *Binder* v. *Langhorst,* 234 id. 583; *Sny Island Drainage District* v. *Shaw,* 252 id. 142.) The fact that some lands had been benefited to the extent they had paid for the drainage gave the owners no right to object to the unexpended balance of the assessment being used to do additional work in order to afford drainage to other land which had paid for but had not received benefits. *Briggs* v. *Union Drainage District,* 140 Ill. 53.

Appellant also insists that the additional work sought to be done is for the purpose of correcting a mistake in the plans and specifications for the drainage of the district; that this is in the nature of an attack upon the judgment of the court confirming the original assessment made and should not be entertained. This is a misapprehension. The power of the commissioners is not exhausted when they have completed the work as originally planned, if it is found that it does not afford a system of drainage which will protect all the lands in the district. *Reynolds* v. *Drainage District,* 134 Ill. 268; *Peotone Drainage District* v. *Adams, supra.*

We are of opinion section 37 authorized the proceeding and that the proof sustained the petition and authorized the judgment of the county court.

It is also insisted the account filed by the commissioners with the petition was not sufficiently itemized and ex-

plicit as to receipts and expenditures. The account is not abstracted as required by the rules of this court and this objection will not be considered.

The judgment of the county court is affirmed.

*Judgment affirmed.*