W. H. BISSELL *et al.* Appellants, *vs.* THE EDWARDS RIVER DRAINAGE DISTRICT *et al.* Appellees.

*Opinion filed October 28, 1913.*

1. DRAINAGE—*section 44 of Levee act, concerning abandonment of work, construed.* The first part of section 44 of the Levee act authorizes the county court, if it considers that justice requires it, to order the abandonment of a portion of the proposed work, while the latter part of such section authorizes the court to abolish the district and order the abandonment of the entire work, provided the action, in either case, is taken before a contract is let for the work.

2. SAME—*first part of section 44 does not authorize abandonment of entire work.* The first part of section 44 of the Levee act, providing for an abandonment petition by a majority of the land owners representing one-third of the area of the proposed district, does not authorize the county court to order all work abandoned without abolishing the district and still leave the district organized to initiate and carry out other plans. (*McCaleb* v. *Coon Run Drainage District,* 190 Ill. 549, explained.)

3. SAME—*district can be organized or abandoned only in pursuance of statute.* Drainage districts are solely creatures of the statute, and the statute must be followed both in their organization and abandonment.

APPEAL from the County Court of Mercer county; the Hon. HENRY E. BURGESS, Judge, presiding.

CHURCH & CHURCH, and SEARLE & MARSHALL, for appellants.

BASSETT, MORGAN & HEBEL, W. J. GRAHAM, and JOHN M. WILSON, for appellees.

Mr. JUSTICE CARTER delivered the opinion of the court:

The Edwards River Drainage District was organized in 1910 under the so-called Levee act, passed in 1878, for the purpose of constructing certain drains for agricultural purposes in the Edwards river valley to protect the lands from overflow from that river and its tributaries. Commissioners were appointed and the proceedings had progressed as far as the filing, but not the confirmation, of the commissioners' roll of assessments. May 7, 1912, a petition was filed in the county court praying that the whole system of work might be abandoned. October 11, 1912, the petition was amended, setting out more in detail the reasons therefor. On demurrer the petition was dismissed, and this appeal was taken directly to this court. *Kline* v. *Barnes,* 250 Ill. 404.

The petition for the abandonment of the proposed work is based upon the first part of section 44 of the Levee act, being signed by a majority of the land owners of the district representing one-third of its area. It alleged that while the district was organized to establish a complete system of drainage the plan adopted was the mere straightening of the Edwards river, and the engineers had not taken into consideration the watershed to be drained and had acted on

insufficient data; that the final estimate made was insufficient and inadequate; that the commissioners had left out lands that would be benefited and included some that would not be benefited; that the proposed work made no provision for an adequate outlet and was totally inadequate to carry off the flood waters, and that a large number of owners signing the petition for the organization of the district had signed an agreement, concurred in by the attorney of the district, limiting the cost of the work to $15 per acre, and that the proposed improvement would cost more than that. The petition prayed that all costs and indebtedness so far incurred by said district be equitably distributed over all the land in proportion to the assessments made.

The sole question presented on this record is whether, under the provisions of the first part of section 44 of the Levee act, the county court is authorized to order an abandonment of the entire work proposed. Said section 44 provides two methods for abandoning work. The latter part of the section authorizes the abandonment of all the work and abolishing the district upon a petition signed by not less than two-thirds of the land owners owning more than one-half of the area of the lands assessed for benefits and whose assessments aggregate not less than one-half of the cost of the proposed work, and the debts and expenses incurred up to that time, upon condition that the petitioners pay all the costs, debts and expenses within ten days from the rendition of the order. Appellants contend that under the first part of the section, on a petition of a majority of the land owners representing one-third of the area, the court can order the abandonment of all the work without abolishing the district, still leaving the district organized to initiate other plans and carry them forward. With this we do not agree. The first part of the section provides that the county court may, at any time before the contract is let, on petition of a majority of the land owners representing one-third of the area, "if upon due inquiry it shall be sat-

isfied that justice towards all the land owners of said district requires it, direct the commissioners to abandon any drain, ditch, levee or other work, or any part thereof, mentioned in such report or order." This shall be done only after notice and full hearing, and "if the court shall determine that any portion of the proposed work shall be abandoned, it shall ascertain to what extent the cost of said proposed works will be diminished thereby" and apportion and abate the assessments in accordance with said modified plans, and if any lands have been assessed which will not be benefited because of such change, the entire assessments against them shall be ordered abated. From the reading of the entire section it seems plain that the first part was intended to authorize the court, if it thought justice required, to abandon a portion of the proposed work, while under the provisions of the latter part of the section the entire work could be abandoned and the district abolished, provided the action, in either case, was taken before a contract was let for any work.

The construction of the section contended for by the appellants is not reasonable. Every ground urged here for abandoning the proposed work could have been raised and urged at the time the district was organized. If the lower court had ruled against the contentions of appellants had they raised these questions at that time, they would have had an opportunity to be heard on all of these points in this court by bringing that record up in the regular way. We find nothing in the language of section 44 or the remainder of the act to justify a conclusion that the legislature intended, under the first part of said section 44, to authorize a petition to be filed therein which would serve, in every practical sense, as a bill of review as to all the former proceedings of the district. The first part of said section, which provides for modifying the plans and abandoning a part of the work, makes no provision for the payment of costs already accrued. If all of the proposed

work were abandoned such costs could not be paid. It may well be doubted, from reading the entire act, whether such costs could be taken care of if new plans were proposed. The last part of said section 44 makes provision for caring for the costs if the work is abandoned and the district abolished.

Counsel for appellants rely upon *McCaleb* v. *Coon Run Drainage District,* 190 Ill. 549. In that case there was a hearing upon a petition, answer and evidence, and this court held that the evidence offered did not justify an abandonment of the proposed work. No attempt was made in the opinion to construe the provisions of this section, or to decide whether, on a petition signed by a majority of the owners representing one-third of the area, the entire work could be abandoned and the district abolished.

Appellants further contend that if the court did not have jurisdiction and power, under said section 44, to order the abandonment of the proposed work, it necessarily had the implied and inherent power to do this in order to do justice to the property owners. Drainage districts are solely creatures of the statute. The power to organize and abolish is legislative. (*Hollenbeck* v. *Detrick,* 162 Ill. 388.) Unless the provisions of statutes contravene some constitutional provision the courts can only construe them. If, fairly construed, so many evils and such great injustice will arise under the Levee act as contended by appellants, the remedy rests with the legislature and not with the courts. They cannot pass upon the necessity or wisdom of this statute.

Under a petition signed by only a majority of the land owners of the district representing but one-third of its area, the county court is not authorized to order an abandonment of the whole system of the proposed works of the drainage district. That can only be done when the provisions of the last part of said section are complied with, on a petition of two-thirds of the land owners owning more

than half the area of the lands assessed, or, after contract has been let and work done, under the provisions of the act of July 1, 1889, relating to the dissolution of drainage districts. (Hurd's Stat. 1911, p. 934.)

The judgment of the county court will be affirmed.

*Judgment affirmed.*