# Hugh A. Mason et al., Plaintiffs in Error, v. M. F. Browner et al., Defendants in Error.*

1. DRAINAGE—*statutes as controlling organization and abandonment.* Drainage districts are solely creatures of the statutes, which must be followed in their organization and abandonment.

2. DRAINAGE—*nature of writ of error to review proceeding.* A writ of error in the statutory proceeding for abandonment of a drainage district is not a writ of right.

3. APPEAL AND ERROR—*proper court to review statutory proceeding.* In a proceeding governed purely by statute which allows an appeal only to a certain court, the cause must be taken to that court, and the appeal or writ of error will not lie to or from another court.

4. DRAINAGE—*jurisdiction of Appellate Court to review proceeding.* The Appellate Court has no jurisdiction of a case for the abandonment of a drainage district in which plaintiffs ask a writ of error to review the decision of the county court thereon.

5. DRAINAGE—*transfer of cause by Appellate Court.* The Appellate Court will transfer to the Supreme Court a cause in which a writ of error is asked to review the county court's decision in a drainage district abandonment proceeding.

Error by plaintiffs to the County Court of Pulaski county; the Hon. M. F. GILBERT, Judge, presiding. Heard in this court at the October term, 1921. Cause transferred to Supreme Court. Opinion filed January 30, 1922.

DAN HOGAN, JR., for plaintiffs in error.

GILBERT & GILBERT, for defendants in error.

PER CURIAM.

Plaintiffs in error filed their petition for abandonment of Mounds Drainage District in the county court of Pulaski county under section 44 of the Levee Act, Cahill's St. ch. 42, ¶ 44. Motions to strike the same from the files were entered by the commissioners of the district and also by certain alleged creditors of

* Received from clerk of Appellate Court, August 8, 1927.

the district. The motions were allowed and the petitioners prayed an appeal to this court which was not perfected. They have sued out a writ of error to review an action of the county court.

Drainage districts are solely creatures of the statute, and the statute must be followed both in their organization and abandonment. *Bissell v. Edwards River Drain. Dist.*, 259 Ill. 594. In a statutory proceeding a writ of error is not a writ of right. *Hart v. West Chicago Park Com'rs*, 186 Ill. 464.

The statute of 1909 [Cahill's St. ch. 37, ¶ 151] provided plaintiffs in error with a remedy by appeal to the Supreme Court. *Kline v. Barnes*, 250 Ill. 404. Where the statute, in a purely statutory proceeding, allows an appeal to a certain court, the cause must be taken to that court, and an appeal or writ of error will not lie to or from some other court. *Quincy Railroad Bridge Co. v. City of Quincy*, 77 Ill. 107; *Kingsbury v. Sperry*, 119 Ill. 279; *Kline v. Barnes, supra.*

We are of the opinion that this court has no jurisdiction of the cause. In *Wetaug Drain. Dist. v. Illinois Cent. R. Co.*, 297 Ill. 350, the court held that a proceeding to organize a drainage district is purely statutory, and a writ of error does not lie to review a final order of the county court dismissing a drainage proceeding because it has lost jurisdiction for want of a continuance to a day certain for the report of the commissioners where there is no statute authorizing the writ.

On the other hand, where the point was not raised, the court entertained a writ of error to review a judgment of the county court denying a petition filed under section 44 of the Levee Act to abandon and abolish a district, *Boston v. Kickapoo Drain. Dist.* 244 Ill. 577, and also to review a judgment of the county court abolishing a district under said section 44. *Deneen v. Deneen*, 293 Ill. 454.

In view of those directions we deem it our duty, under section 102 of the Practice Act, Cahill's St. ch. 110, ¶ 102, to transfer this cause in order that the Supreme Court may determine whether it will entertain the writ. It is ordered that the clerk of this court shall transmit the transcript and all files herein with a copy of this order to the clerk of the Supreme Court without delay.

*Cause transferred to Supreme Court.*