THE MACKINAW DRAINAGE DISTRICT, Plaintiff in Error, *vs.* JOSEPH MARTIN *et al.* Defendants in Error.

*Opinion filed April 20, 1927.*

DRAINAGE—*appeal from order of county court under section 58 of Levee act lies to Supreme Court and not to circuit court.* Section 3 of the act of June 5, 1909, providing that "appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court," applies to all proceedings under the Farm Drainage act and Levee act, and an appeal from an order of the county court sustaining legal objections to a petition under section 58 of the Levee act to annex additional lands lies directly to the Supreme Court, and the circuit court has no jurisdiction of such appeal.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

A. M. HESTER, and W. W. WHITMORE, (STELLA E. WHITMORE, of counsel,) for plaintiff in error.

KENNEDY & KENNEDY, MILES K. YOUNG, and HALL, MARTIN, HOOSE & DEPEW, (THOMAS KENNEDY, of counsel,) for defendants in error J. K. P. Hawks *et al.*

CHARLES M. PEIRCE, for other defendants in error.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

The Appellate Court for the Third District affirmed a judgment of the circuit court of McLean county dismissing for want of jurisdiction an appeal to the latter court taken by plaintiff in error, the Mackinaw Drainage District, from an order of the county court sustaining legal

objections to its petition, under section 58 of the Levee act, to annex additional lands, and the cause is here on *certiorari*.

The only question presented is the construction of section 3 of the act of June 5, 1909, which gives to the circuit courts of this State concurrent jurisdiction with the county courts in all matters pertaining to drainage and levee districts. This section provides: "Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court." (Cahill's Stat. 1925, p. 782.) This section of the act was held valid in *Kline* v. *Barnes*, 250 Ill. 404, and the effect of the decision in that case is that the act is broad enough to include all proceedings under the Farm Drainage act and the Levee act. The same broad construction was given to the section in *Boone's Pond Mutual Drainage District* v. *St. Louis, Iron Mountain and Southern Railway Co.* 268 Ill. 264, and this court has since recognized that the act gave the right of appeal from a decision under section 58 of the Levee act directly from the county court to this court. *Minnie Creek Drainage District* v. *Nation,* 315 Ill. 332; *Inlet Swamp Drainage District* v. *Mehlhausen,* 291 id. 459; *Same* v. *Cooper,* 274 id. 77.

The principal contention of plaintiff in error is, that by providing specifically in sections 16 and 17*b* of the Levee act for appeals to the Supreme Court the legislature has by implication excluded other direct appeals. Since 1911 the legislature has acquiesced in the construction given the act of 1909 in *Kline* v. *Barnes, supra,* and has taken no action which indicates that the construction placed on the act by the court is not in accord with the legislative intent.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*