(No. 33032.—)

IN THE MATTER OF INDIAN GRAVE DRAINAGE DISTRICT.—
(PETITIONERS OF SAID DISTRICT, Appellees, *vs.* THE
PEOPLE *ex rel.* H. DAVID CONDRON, State's Attorney,
Appellant.)

*Opinion filed January 20, 1954.*

CHARLES E. BINKERT, of Quincy, for appellant.

PENICK & PENICK, of Quincy, for appellee.

Mr. JUSTICE KLINGBIEL delivered the opinion of the
court:

On April 4, 1953, a petition was filed in the county
court of Adams County purporting to be signed by a
majority of the landowners of the Indian Grave Drainage
District representing more than one third of its area. The
petition alleges that certain holding basins, constructed pur-
suant to a previous court order for the purpose of settling
out logs, drift, debris and silt before the same could clog
the ditches and drains of the district, had become nearly
filled; that the benefit from further maintenance would
be insignificant when compared to the cost thereof; and
that no contract has been made for any further work in
this respect. The petition prays that the commissioners be
ordered to abandon all maintenance of the holding basins.

On April 25, 1953, the State's Attorney filed a motion on behalf of the public and for the benefit of sporting organizations, clubs, and riparian owners, seeking to dismiss the petition on the ground that a *mandamus* proceeding to compel the district to maintain the holding basins was pending in the circuit court at the time the present petition was filed. Petitioners thereafter moved to strike the State's Attorney's motion. After a hearing the petitioners' motion was granted, the court finding that the State's Attorney did not represent any landowner within the district and hence there was no right to intervene in the cause. An order was then entered authorizing and directing the commissioners of the district to abandon maintenance of the holding basins. The People on relation of the State's Attorney appeal directly to this court, presumably by virtue of section 3 of the act of June 5, 1909, relating to jurisdiction of courts in drainage matters. Ill. Rev. Stat. 1951, chap. 37, par. 160, Jones Ann. Stat. 42.003; *Mackinaw Drainage Dist.* v. *Martin,* 325 Ill. 400.

The sole question presented is whether landowners and others outside the district who may be injured by the proposed abandonment are "interested" persons, within the meaning of section 44 of the Levee Act. (Ill. Rev. Stat. 1951, chap. 42, par. 44, Jones Ann. Stat. 42.060.) That section, under which the present proceedings were brought, provides that, upon petition of a majority of the landowners of the district representing one third of its area, the county court may direct an abandonment of particular work at any time before a contract is made "if upon due inquiry it shall be satisfied that justice towards all the land owners of said district requires it." The section further provides, in so far as is relevant, that "any person or persons interested may appear and resist such application;" and that the court may make any order "in pursuance of the objects of this section of this Act, as justice to all persons whose interests may be affected by it may require."

Appellant points out that by virtue of the original order the courses of two creeks, which had traveled through the district, were diverted to artificial waterways which carry the water downstream into the Quincy Bay; that this eliminated the natural settling basins of the creeks which had theretofore meandered through the district allowing silt and debris to settle out before reaching Quincy Bay; that the holding basins were intended as substitutes for the natural settling basins; and that as a result of the failure to maintain them Quincy Bay is filling up with silt and debris pouring directly into it through the artificial waterways. It is urged that the property rights of the public are being affected; and that the public, particularly the downstream riparian owners, are interested persons within the meaning of the statute.

We cannot agree with appellant's conclusion. There is no doubt that the right of landowners outside the district to have the waters of creeks flow along the natural watercourse may be asserted in appropriate proceedings, when damage is incurred through a diversion thereof. Such a right is a property right, and when the acts of a drainage district result in a violation of that right, causing injury to others, the injured property owners may maintain an action for damages or other appropriate relief. (*Eldred Drainage and Levee Dist.* v. *Wilcoxson,* 365 Ill. 249, 253; *Bradbury* v. *Vandalia Levee and Drainage Dist.* 236 Ill. 36.) It does not follow, however, that such persons may intervene in the present proceeding. Drainage districts are solely creatures of the statute. The power to organize and abandon is legislative, (*Bissell* v. *Edwards River Drainage Dist.* 259 Ill. 594, 598,) and is for the sole and exclusive benefit of the territory within the district. (*Bradbury* v. *Vandalia Levee and Drainage Dist.* 236 Ill. 36, 46.) Persons interested in proceedings to exercise that power do not include landowners outside the district, and the latter are not entitled to become parties. 28 C.J.S. 290, Drains, sec. 19.

In *Danaher* v. *Phillips*, 318 Ill. 204, a proceeding was brought to organize a drainage district. Certain objections by individuals owning lands outside the district were stricken from the files in the county court. This action was affirmed by this court on review, over a contention that such landowners had a right to be heard by virtue of section 5 of the Levee Act, which recited that "all parties through or upon whose land any of the proposed work may be constructed, or whose lands may be damaged or benefited thereby, may appear and contest the necessity or utility of the proposed work or any part thereof." A similar result must follow in this case. Appellant had no such interest in the proceedings as would entitle it to intervene.

It is apparent from what we have said above that denial of a right to intervene in the present proceeding is not a denial of due process, as urged by appellant. The present order does not determine the propriety of the proposed abandonment in so far as its consequences to strangers are concerned, and any cause of action they might have against the district remains unaffected by it.

The order of the county court is affirmed.

*Order affirmed.*