## Frank Stevenson, Appellee, v. Illinois Watch Case Company, Appellant.

### Gen. No. 5,843.

1. MASTER AND SERVANT, § 98a*—*right to recover for disfigurement of hand under Workmen's Compensation Act.* Where an employe in operating a press lost the tips of two fingers of his right hand, impairing the sense of feeling in those fingers and permanently incapacitating him in whole or in part from doing the particular kind of work in which he was engaged at the time of the accident, *held* that he was entitled to compensation for disfigurement of his hand under the provisions of clause C of section 5 of the Workmen's Compensation Act of 1911, J. & A. ¶ 5453.

*See **Illinois Notes Digest**, Vols. **XI** to **XV** and **Cumulative Quarterly**, same topic and section number.

2. Master and servant, § 98a*—*when proof sufficient to dependency of persons on employe.* In an action for compensation for accidental injuries under the Workmen's Compensation Act of 1911, proof that plaintiff's mother has no property, that plaintiff and his sisters take care of her and that they all keep house together, *held* sufficient proof that there were persons dependent on plaintiff.

3. Master and servant, § 98a*—*when recovery under Workmen's Compensation Act not excessive.* A judgment for $454.08 for accidental injuries under the Workmen's Compensation Act, *held* not excessive.

Appeal from the Circuit Court of Kane county; the Hon. Clinton F. Irwin, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 6, 1914.

Anson H. Brown, for appellant.

R. H. Kramer and R. S. Egan, for appellee.

Mr. Justice Carnes delivered the opinion of the court.

This is an appeal from a judgment rendered under the Workmen's Compensation Act of 1911, in force May 1, 1912 (J. & A. ¶¶ 5449 *et seq.*), which act was repealed by our present act in force July 1, 1913. Appellee, Frank Stevenson, while in the employ of appellant, Illinois Watch Case Company, operating a press, April 7, 1913, caught his fingers in the press resulting in the loss of about one-quarter inch of the bone from the ends of the first and second fingers of the right hand leaving only a small portion of the nail of each of those two fingers, impairing the sense of feeling in those fingers and permanently incapacitating him in whole or in part from doing the particular kind of work in which he was engaged for appellant at and before the time of the injury, but leaving him after recovering from the immediate effects able to do other and different work, at which he could earn less wages, but might in time earn as much or more wages. Arbitrators were appointed as provided by the statute and there was a majority report that the average wages of appellee before the injury were $15 per week, and after

the injury $12 per week, that the injury will permanently disable him from engaging in many lines of high class employment, and awarding him the sum of $50 for loss of wages under clause b of section 5 of said act (J. & A. ¶ 5453), and the further sum of $825 as compensation for disfigurement of the hand under clause c of the said section. One of the arbitrators reported that in his opinion appellee was not entitled to recover under said clause c, because as he construed that clause the injury was not within its provisions. An appeal was taken to the Circuit Court, where a jury was waived and there was a hearing and an award in favor of appellee in the sum of $454.08, followed by judgment, from which this appeal is prosecuted. It appeared on that trial that the earning capacity of appellee was $2.35 a day during the time he worked for appellant prior to the injury, and that he was twenty-one years old.

Appellant concedes that appellee is entitled to recover $52.50 for seven weeks of total disability, but insists that he is not entitled to recover for the disfigurement of his hand, and therefore that the judgment in so far as it exceeds that amount is entirely unsupported. The controversy rests on the construction of paragraphs b, c and d of section 5 of said act. These paragraphs read as follows:

"b. If the period of disability lasts for more than six working days, and such fact is determined by the physician or physicians, as provided in section 9, compensation equal to one-half of the earnings, but not less than $5.00 nor more than $12.00 per week, beginning on the eighth day of disability, and as long as the disability lasts, or until the amount of the compensation paid equals the amount payable as a death benefit.

c. If any employee, by reason of any accident arising out of and in the course of his employment, receive any serious and permanent disfigurement to the hands or face, but which injury does not actually incapacitate the employe from pursuing his usual or customary employment so that it is possible to meas-

ure compensation in accordance with the scale of compensation and the methods of computing the same herein provided, such employe shall have the right to resort to the arbitration provisions of this act for the purpose of determining a reasonable amount of compensation to be paid to such employe, but not to exceed one-quarter (¼) the amount of his compensation in case of death.

d. If after the injury has been received it shall appear upon medical examination as provided for in section 9, that the employe has been partially, though permanently incapacitated from pursuing his usual and customary line of employment, he shall receive compensation equal to one-half of the difference between the average amount which he earned before the accident, and the average amount which he is earning, or is able to earn in some suitable employment or business after the accident, if such employment is secured.''

Appellant's contention is that the injury in question here did actually incapacitate appellee from pursuing his usual and customary employment, therefore it was not an injury that could be compensated under clause c. While it is true that the injury did temporarily so incapacitate appellee, yet it was not one so far as the disfigurement of the hand is concerned that it was possible to compensate in accordance with the scale of compensation and the methods of computing the same provided in clause b or any other clause or section of the act. We are therefore of the opinion that he was entitled to recover compensation for the disfigurement of the hand under the provisions of clause c. Appellant's contention is that clause c is designed to cover cases where the injured employe entirely recovers from his injury and an unsightly scar or other disfigurement remains on his hands or face which does not incapacitate him from following his usual occupation; that if after the period of total disability has passed there still exists, as in this case, some measure of permanent partial disability, even though coupled with disfigurement, he cannot proceed under clause

c for an arbitration but must proceed if at all under clause d, which it will be observed provides only for a loss in earning capacity. This construction leaves the employe without remedy in case of a disfigurement of the hands or face, from which he is temporarily disabled and compensated under clause b, if it does not result in a diminution of his earning capacity in some other employment compared with his earning capacity before the injury. As applied to this case, if the proof showed that appellee could earn as much or more than he was earning at the time of the injury by changing to some other suitable employment, he could only recover for his temporary total disability and would be left remediless for the loss of his finger tips. It is quite conceivable that a workman might lose his entire hand and after he recovered from the immediate consequence of the injury because of such loss engage in some profession or calling where his earnings would be much larger than in the employment in which he was injured. Under appellant's construction of the law he would be entitled to recover under clause b for the time lost from the immediate effects of the injury and would be driven to clause d for any recovery for disfigurement and could not recover under that clause because there would appear no comparative loss in his earnings. The legislature should not be held to intend such a result unless its language admits no other reasonable construction, and we are of the opinion that the language in clause c can be reasonably construed as providing for compensation for the disfigurement in such cases.

It is argued that there is no sufficient proof that there were persons dependent on appellee so that in case of death there could have been compensation awarded. Therefore, no basis for fixing compensation "not to exceed one-quarter the amount of his compensation in case of death." The proof is that his mother has no property; that appellee and his sisters take care of her; that they all keep house to-

gether. This seems to us a sufficient answer to that question.

It is said the judgment is excessive. The compensation in case of death is fixed by section 4 of the act at a sum equal to four times the annual earnings of the employe, not less in any event than $1,500 and not more than $3,500. It will be seen that the judgment was well within the limit fixed by the statute. The amount was for the court to determine and the damages are not capable of definite measurement, as in cases of injury to chattels. Under this act it is no doubt true that no two judges and no two juries acting independent of each other would find the same amount of compensation for such a disfigurement. We assume that question must under this act, as under the law theretofore existing, be left largely to the judgment of the jury or court deciding the matter in the trial court, and see no reason for reversing the judgment on that ground.

A motion by appellee to dismiss the appeal was taken with the case. Having reached the conclusion that the case should be affirmed on the merits, we have not deemed it necessary to discuss or much consider the reasons suggested for and against that motion, and therefore the motion to dismiss the appeal is denied, and the judgment of the trial court affirmed.

*Judgment affirmed.*