## Frank Watters, Appellee, v. P. E. Kroehler Manufacturing Company, Appellant.

### Gen. No. 5,870.

1. Master and servant, § 98a*—*what may be recovered under Workmen's Compensation Act for injury to hand.* Where an employe sustains injuries resulting in the amputation of the forefinger of his right hand at the second joint and also an injury to the thumb and was unable to return to work until fifteen weeks after the injury, when he was able to earn as much wages as before the injury, *held* that he was entitled to recover under paragraphs "a" and "b" of section 5 of the Workmen's Compensation Act of 1912, J. & A. ¶ 5453, and also under paragraph "c" of such section, for disfigurement of his hand.

2. Master and servant, § 98a*—*right of employe to recover compensation for disfigurement of hand.* Paragraph "c" of section 5 of the Workmen's Compensation Act of 1912, J. & A. ¶ 5453, construed as not preventing an employe from recovering thereunder for a permanent disfigurement of his hand for the reason it caused him to quit work for a number of days.

3. Master and servant, § 833*—*when error in admission of evidence harmless.* In an action by an employe to recover compensation for injuries, admission of incompetent evidence as to the manner of the injury *held* harmless, where it did not induce an excessive verdict and it could not have harmed appellant in any other way.

Appeal from the County Court of Kankakee county; the Hon. Arthur W. Deselm, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed July 31, 1914.

Ralph F. Potter, for appellant; J. Bert Miller, of counsel.

Burns & Burns, for appellee.

Mr. Presiding Justice Carnes delivered the opinion of the court.

Appellee, Frank Watters, was in the employ of P. E. Kroehler Manufacturing Company, the appellant,

*See Illinois Notes Digest, Vols XI to XV, and Cumulative Quarterly, same topic and section number.

October 14, 1912, and on that date sustained injuries arising out of and in the course of his employment, resulting in the amputation of the first finger of his right hand at the second joint, and an injury to the thumb, whereby a portion of the flesh from the end was cut off. He was receiving wages at the rate of twelve dollars per week and did not return to work until fifteen weeks after the injury, when he became able to earn as much or more wages in the same or some other employment. The parties were subject to the terms of the Workmen's Compensation Act, approved June 10, 1911, in force May 1, 1912 (J. & A. ¶¶ 5453 *et seq.*), and after arbitration proceedings under that act the case was tried with a jury, resulting in a verdict and judgment of four hundred dollars for appellee. Appellant claims that under that act compensation is measured solely in terms of lost wages, and that it was intended only to reimburse an injured employe for a portion of the wages he loses by reason of disability, or inability to earn his customary wage.

The amount of compensation to be paid in a case resulting in disability, but not in death, is determined by section 5 of that Act (J. & A. ¶ 5453), and the issues presented here depend upon the construction of paragraph "c" of that section. Paragraph "a" provides for the payment of certain items of medical, surgical and hospital expenses. Paragraph "b" for the payment of one-half of the earnings of the employe during the period of disability, commencing on the eighth day after his injury. Appellant recognized its liability and paid in full everything due under these two paragraphs. Paragraph "c" provides: "If any employe, by reason of any accident arising out of and in the course of his employment, receive any serious and permanent disfigurement to the hands or face, but which injury does not actually incapacitate the employe from pursuing his usual or customary employment so that it is possible to measure compensation in

accordance with the scale of compensation and the methods of computing the same herein provided, such employe shall have the right to resort to the arbitration provisions of this Act for the purpose of determining a reasonable amount of compensation to be paid to such employe, but not to exceed one-quarter (¼) the amount of his compensation in case of death.'' Paragraph "d" applies where "The employe has been partially, though permanently incapacitated from pursuing his usual and customary line of employment.''

The contention of appellant is that while appellee received a serious and permanent disfigurement of the hand, still the injury did not actually incapacitate the employe from pursuing his usual or customary employment, therefore that he cannot recover under that paragraph. We are of the opinion that the following clause of the paragraph must be considered, and that while it did not actually incapacitate appellee from pursuing his usual employment, yet it is impossible to measure compensation for such disfigurement under the methods of computing the same provided by the act. We agree with appellant that there can be no recovery under paragraph "d," which provides for a recovery of the difference of his earnings before and after the injury.

Appellant's construction of the statute finds some support in the language of the section under consideration. But if that construction be adopted it leaves an employe to recover for a disfigurement, for instance of the face, that did not result in incapacitating him from pursuing his usual employment, and therefore left him without any claim under paragraph "b," but if his injury incapacitated him long enough so that he received something under that clause, then he was left remediless. We do not think it reasonable that the Legislature intended such a result. Paragraph "c" is intended to provide compensation for a disfigurement, and it seems to us unreasonable to construe it as

providing such compensation in cases where the disfigurement did not cause any cessation of work and denying it in other cases - where disfigurement did cause a few days incapacity for work.

We had a similar case before us at the last term (*Stevenson v. Illinois Watch Case Co.*, 186 Ill. App. 418), and there reached the conclusion here announced as to the construction of the statute. We now see no reason for holding otherwise.

Evidence was admitted over defendant's objections as to the manner of the injury. If incompetent, and we assume it was, for the court directed the jury to disregard it, it did not induce an excessive verdict, and we see no other way in which it could have harmed appellant.

The judgment is affirmed.

*Affirmed.*