## Christina Klage, Executrix, Appellee, v. Bunsen Coal Company, Appellant.

1. WORKMEN'S COMPENSATION ACT—*when appeal lies to Appellate Court from Circuit Court after trial de novo.* Where, after proceedings had before arbitrators in accordance with the provisions of the Workmen's Compensation Act, an appeal is taken to the Circuit Court and a trial *de novo* had there before a jury, an appeal from a judgment there rendered will lie to the Appellate Court.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when evidence sufficient to sustain finding that injury was cause of death.* In an action for death under the Workmen's Compensation Act, where it was shown that the deceased, when partially recovered from a fracture of the leg, was seized with and died suddenly as the result of an attack of what was described by the defendant's physicians as cerebral embolism, resulting from a long standing case of arterio-sclerosis, and by the plaintiff's physicians as pulmonary embolism, caused by a clot of blood from the injured leg, evidence *held* not to justify a reversal of a verdict for the plaintiff on the ground that the injury received by the plaintiff was not the cause of his death.

3. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction not erroneous as assuming facts.* In an action for death under the Workmen's Compensation Act, an instruction *held* not to assume that the deceased was suffering from a diseased condition of his blood vessels, by reason of which his death would be more easily caused by such an injury as he received.

Appeal from the Circuit Court of Vermilion county; the Hon. M. W. THOMPSON, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed October 13, 1915. Rehearing denied December 11, 1915. *Certiorari* denied by Supreme Court (making opinion final).

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

REARICK & MEEKS and KNAPP & CAMPBELL, for appellant; GEORGE F. REARICK and WILLIAM BEYE, of counsel.

ISAAC A. LOVE, C. H. BECKWITH and ACTON & ACTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

On December 17, 1912, Wilhelm Klage was injured in an accident arising out of and in the course of his employment with the Bunsen Coal Company. He died December 29, 1912. At the time of the accident both Klage and the Bunsen Coal Company were working under the Workmen's Compensation Act in force May 1, 1912 (J. & A. ¶ 5449 *et seq.*). Christina Klage was appointed and qualified as executrix of the estate of the deceased. A board of arbitration was selected under the provisions of said act to pass upon the right of Christina Klage, the widow of the deceased, to receive compensation from the employer under said act. A majority of the board of arbitration, composed of two doctors and a lawyer, made an award finding that the death was not caused by the accident. The executrix took an appeal from the award of the arbitrators to the Circuit Court and demanded a trial by a jury. On the trial in the Circuit Court, it was stipulated that the average annual earnings of the deceased were $586.15; that the coal company was duly notified of the claim of plaintiff for compensation on March 5, 1913; that the present value of such compensation is $1,988.56, and if the coal company is liable for the death of the deceased the jury need not make any finding as to the amount of the compensation. On the trial in the Circuit Court, the jury found the issues for the plaintiff. Judgment in favor of plaintiff was rendered for $1,988.56 against the defendant. The defendant prosecutes this appeal from that judgment.

Appellee has entered a motion to dismiss the appeal, and contends that no appeal lies from the judgment of the Circuit Court rendered on the hearing under the provisions of the Workmen's Compensation Act in° force May 1, 1912. Similar appeals have been prosecuted (*Stevenson v. Illinois Watch Case Co.*, 186 Ill. App. 418 [5 N. C. C. A. 858]; *Staley v. Illinois Cent. R. Co.*, 268 Ill. 356; *Brown v. City of Decatur*, 188 Ill. App. 147), and different Appellate Courts have taken jurisdiction of appeals from the Circuit Courts from judgments rendered under the act, but the question of the jurisdiction of the Appellate Court in such cases apparently was not raised.

The act provides for an appeal from the report of award of the arbitrators to the Circuit Court "and upon such appeal the questions in dispute shall be heard *de novo* and either party may have a jury upon filing a written demand therefor with his petition." The proceeding before the arbitrators was a statutory proceeding and the statute provides how the proceeding shall be conducted before the arbitrators. No provision is contained in the statute as to the method of procedure before the Circuit Court further than it is *de novo*, and before a jury if either party so desires.

On the trial in the Circuit Court the jury was selected, the evidence presented, the cause argued and the jury instructed by the court at the request of both parties. The trial was had after the forms of the common law and under the Practice Act. The trial in the Circuit Court was conducted by both parties and the court as if it was a proceeding at common law. The fact that the initial proceeding was statutory did not change the rights of the parties to appeal from the judgment of the Circuit Court from the result of a trial had as at common law. This proceeding is parallel with the presenting of a claim against an estate in the Probate Court; that is a statutory proceeding from which an appeal is permitted to the Circuit

Court, where the trial is *de novo* and appeals are prosecuted in such matters to the Appellate and Supreme Courts. *Grier v. Cable,* 159 Ill. 29; *Zeigler v. Illinois Trust & Savings Bank,* 245 Ill. 180; *Kolb v. Stephens' Estate,* 176 Ill. App. 391, and cases cited. Since the case at bar was submitted to this court, the Appellate Court of the Second District has passed on a similar motion and denied it. *Carlson v. Avery Company,* 196 Ill. App. 262. This court agrees with the reasoning of the Appellate Court of the Second District, and the motion to dismiss the appeal is denied.

Appellant contends that there was no evidence tending to prove that the injury received by the deceased on December 17th caused his death; that the verdict cannot be sustained on the evidence, and that the court should have instructed the jury to find the issues for the defendant. The evidence shows that the deceased was a coal miner sixty-seven years of age when he received the injury in appellant's mine. The injury was a compound fracture of the left leg between the knee and the ankle. The ends of the bone protruded through the skin. He was taken to the hospital for treatment of the fracture. He had had no sickness, heart trouble or headaches prior to the injury. The leg was set, put in a fracture box and dressed daily for ten days, then it was put in a plaster cast. There was nothing surprising in the history of the case. The patient appeared to be getting along well. On the day of his death the doctor had him stand up, to be measured for crutches. He suddenly became pale and his mind appeared flighty. He was put back in bed, had a convulsion and died within half an hour.

The appellant contends that his death was caused by cerebral embolism, that is, that he had a bad case of hardening of the arteries, arterio-sclerosis, and that part of the lining of the artery became detached and formed a clot that lodged in and plugged an artery in the brain. The appellee contends that he died of pul-

monary embolism, the plugging up of an artery in a lung by a blood clot, which came from the site of the fracture. There were an equal number of doctors who testified on each side. The doctors for appellant testified that they thought the death was caused by cerebral embolism; the doctors for appellee testified that they thought the death was caused by pulmonary embolism caused by a clot coming from the injury. In the conflicting state of the evidence, we cannot say the accident did not have a direct causal relationship to his death or that the verdict is not sustained by the evidence.

Appellant further insists that the court erred in the giving of two instructions. The contentions are that the first instruction assumes that the deceased had a diseased condition of the blood vessels by reason of which his death would be more easily caused by an injury such as he received, and that there was no evidence on that question. The part of the instruction complained of is: "if you believe from a preponderance of the evidence that the said William Klage had any diseased condition of the blood vessels by reason of which his death would be more easily caused by an injury like the one in question," etc. The instruction is not an assertion of a diseased condition, but clearly leaves it to the jury to find from the evidence whether or not there was such a condition of the blood vessels. The evidence tended to show that the deceased had hardening of the arteries and that for that disease complete rest and quiet is the best remedy. One doctor testified he "would not expect any tendency of trouble to come from it where the patient had been quiet several days." There is much evidence in the case on which to base the instruction, not, however, in the language of the instruction but from which such facts might reasonably be inferred. A similar complaint is made concerning appellee's second instruction, but upon a careful examination we find it is not

subject to the criticism made.    Finding no error in
the record, the judgment is affirmed.

*Affirmed.*