## Otto Kannenberg, Appellee, v. Deere & Mansur Company, Appellant.

### Gen. No. 6,290.

1. WORKMEN'S COMPENSATION ACT, § 13*—*when appeal lies from decision of Circuit Court in arbitration case.* An appeal lies from the decision of the Circuit Court under the Workmen's Compensation Act of 1911, in an arbitration case appealed to the Circuit Court.

2. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on right to recover for hospital bill is erroneous.* In proceedings in the Circuit Court to recover compensation under the Workmen's Compensation Act of 1911, upon appeal from the decision of a board of arbitrators, an instruction under section 5, clause (a) of the Act (J. & A. ¶ 5453), *held* erroneous where there was no proof that there was a hospital bill for which the employee was liable and of the amount thereof.

3. WORKMEN'S COMPENSATION ACT, § 7*—*when recovery may be had for permanent disfiguration and permanent incapacity.* Recovery may be had under both section 5, clause (c) of the Workmen's Compensation Act of 1911 (J. & A. ¶ 5453), and clause (d).

4. WORKMEN'S COMPENSATION ACT, § 12*—*when instruction on amount of recovery for partial permanent disfigurement is erroneous.* In proceedings in the Circuit Court for compensation under the Workmen's Compensation Act of 1911, upon appeal from the decision of the board of arbitrators, an instruction under section 5, clause (c) (J. & A. ¶ 5453), that the damages allowed should not be less than $375, *held* to be erroneous.

5. WORKMEN'S COMPENSATION ACT, § 2*—*what is liability of employer under Act of 1911.* The liability of an employer under the Workmen's Compensation Act of 1911 is a contract liability.

6. WORKMEN'S COMPENSATION ACT, § 12*—*what should be form of verdict in Circuit Court on appeal from decision of board of arbitrators.* The form of a verdict for the plaintiff in proceedings for compensation under the Workmen's Compensation Act of 1911, upon appeal to the Circuit Court from a board of arbitrators, should be to find the issues for the plaintiff, etc.

7. WORKMEN'S COMPENSATION ACT, § 13*—*when verdict in Circuit Court upon appeal from decision of board of arbitrators is not reversibly erroneous.* A verdict of guilty in the Circuit Court in proceedings for compensation under the Workmen's Compensa-

*See **Illinois Notes Digest,** Vols. XI to XV, and **Cumulative Quarterly,** same topic and section number.

tion Act of 1911, upon appeal from the decision of a board of arbitrators, is a mere irregularity, and does not constitute reversible error.

8. WORKMEN'S COMPENSATION ACT, § 12*—*when court may distribute amounts allowed as lump sum in verdict.* Where a verdict in the Circuit Court upon appeal from the decision by a board of arbitrators under the Workmen's Compensation Act of 1911 is in a lump sum, the court may properly distribute it where there is no dispute as to the amounts that should be allowed if plaintiff recovered.

9. WORKMEN'S COMPENSATION ACT, § 12*—*what is preferable form of verdict.* Where, by a judgment for the employee to be entered in the Circuit Court in proceedings for compensation under the Workmen's Compensation Act of 1911, upon appeal from the decision of a board of arbitrators, one or more amounts are to be paid at once and other sums in instalments over several years, the preferable practice is for the jury to find each item separately as well as to return a verdict for a total amount.

Appeal from the Circuit Court of Rock Island county; the Hon. WILLIAM T. CHURCH, Judge, presiding. Heard in this court at the April term, 1916. Reversed and remanded. Opinion filed October 12, 1916.

DIETZ & SINNETT, for appellant.

J. B. & J. L. OAKLEAF and J. T. & S. R. KENWORTHY, for appellee.

MR. JUSTICE DIBELL delivered the opinion of the court

There was an arbitration between the parties to this suit under the Employers' Liability Act of 1911, and an allowance to Kannenberg, the employee, of $888.72, and an appeal therefrom by Deere & Mansur Company, the employer, to the Rock Island Circuit Court, where the cause was tried by a jury and a verdict was rendered in favor of Kannenberg for $1,803.24. A motion for a new trial by defendant was denied and a judgment was rendered that plaintiff recover from de-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

fendant $701.46, being weekly payments to the date of the judgment at $4.33 per week, and the further sum of $1,101.78, to be paid plaintiff at the rate of $4.33 per week for 254 weeks, the first payment to be made December 28th, 1915, and a like sum thereafter each week until the whole amount was fully paid, and that plaintiff have execution for said $701.46, and for the different payments as they became due. The slight error in the computation is cured by the general language in the judgment. This is an appeal by defendant from that judgment.

Appellee moved to dismiss the appeal and we took that motion with the case. Appellee claims that no appeal lies from the decision of the Circuit Court under said Act of 1911. We discussed that question in *Carlson v. Avery Co.,* 196 Ill. App. 262, and we there held that such an appeal did lie. Thereafter the Supreme Court disposed of the same question in the same way in *Lavin v. Wells Bros. Co.,* 272 Ill. 609. The motion is therefore denied.

The compensation for appellee is measured by section 5 of said Act (J. & A. ¶ 5453). Instruction No. 3, given at the request of appellee, authorized a recovery under each of clauses (a), (b), (c) and (d). It was error to permit a recovery under clause (a), for the reason that there was no testimony under which the jury could find for appellee as to that clause. There was proof that appellee was in a hospital a certain number of weeks. What the hospital charges were or what would be reasonable charges was not shown. Appellee testified that he supposed that it was paid, but that he did not pay it. In the absence of proof that there is a hospital bill for which he is liable, and the amount thereof, it was error to give that part of the instruction.

It is contended that there cannot be a recovery under both clauses (c) and (d). A forcible argument is made

in support of that position, but we held that there could be such a recovery under both of those clauses in *Stevenson v. Illinois Watch Case Co.*, 186 Ill. App. 418 [5 N. C. C. A. 858], and *Watters v. P. E. Kroehler Mfg. Co.*, 187 Ill. App. 548 [8 N. C. C. A. 352]. We did say in the *Watters* case that there could be no recovery under clause (d), but the opinion shows that the reason was that the evidence disclosed that when the plaintiff there returned to work after the injury he was able to earn as much or more wages than before. No doubt the trial judge in this case ruled in that respect in conformity with our decisions, and we do not feel disposed to reconsider that ruling until the Supreme Court holds otherwise.

In directing the jury what should be allowed under clause (c), the instruction directed them to allow in no event less than $375 nor more than $875. Clause (c) allows the employee a reasonable compensation, not exceeding one-fourth of the compensation in case of death. This refers to clause (a) of section 4 (J. & A. ¶ 5452). The highest sum allowed thereby in case of death is $3,500, and one-fourth thereof is $875, but clause (c) of section 5 (J. & A. ¶ 5453) contains no authority for requiring that not less than $375 should be allowed for the serious and permanent disfigurement proved in this case. That part of the instruction is erroneous.

The jury found the defendant guilty and it is contended that the form of verdict should be that the jury find the issues for the plaintiff, etc. The liability of an employer under the act here in question is a contract liability (*Lavin v. Wells Bros. Co.*, 272 Ill. 609), and the form of verdict should have been to find the issues for plaintiff, etc., but that irregularity would not constitute reversible error. The verdict was in a lump sum only, and the court undertook to distribute it. This is permissible where there is no dispute as to

the amounts that should be allowed if the plaintiff recovers, as was held in *Dragovich v. Iroquois Iron Co.*, 269 Ill. 478 [10 N. C. C. A. 475]. But here there were disputes. In distributing the money the court allowed nothing under clause (a), but the court had no means of knowing but that the jury allowed something for the hospital bills for the time appellee was in the hospital. There was a dispute as to the amount of appellee's earnings before he was injured. He worked a certain number of hours per day at a certain employment, but he also worked as janitor one hour each day before his regular employment began, and sometimes acted as janitor after his day's work was ended, and he did work of that kind on Sunday. The bookkeeper for appellant treated this janitor work as overtime, and overtime earnings are excluded by section 6 (J. & A. ¶ 5455), while appellee claimed that it was a part of his regular employment, and that the amounts he so earned were to be treated as a part of his regular earnings in determining the difference between what he earned before and after the judgment and therefore the amount he should be compensated for such loss of earnings. The verdict did not inform the court how the jury decided that question. We are of opinion that in such a case as this, where by the judgment to be entered one or more amounts are to be paid at once and other sums in instalments for several years, the preferable practice is to have the jury find each item separately as well as to return a verdict for a total amount.

For the errors above indicated, the judgment is reversed and the cause remanded.

*Reversed and remanded.*