UPON

# QUESTIONS OF PRACTICE

IN THE

# SUPREME COURT,

FROM NOVEMBER TERM, 1863, TO SEPTEMBER TERM, 1867,
BOTH INCLUSIVE.

---

## HOBSON *et al. v.* PAINE.

(September Term, 1867.)

1. WRIT OF ERROR TO A COUNTY COURT. A writ of error does not lie to a County Court, to bring in review the propriety of the action of that court in the appointment of an administrator.

2. FORMER DECISION. The case of *The Unknown Heirs of Langworthy* v. *Baker, Admr.*, 23 Ill. 487, reviewed and explained in reference to that question.

THIS is a writ of error to the County Court of Warren county, by which it is sought to bring in review the action of that court in appointing Eleazer A. Paine administrator of the estate of Bushnell Willey, deceased.

The order of appointment was made on the 21st of March, 1853, in pursuance of which the usual bond was filed, and letters of administration were issued, and the administrator proceeded to execute his duties as such.

The children and heirs at law of Willey sued out this writ of error, and seek to raise the questions involved in this assignment of errors:

1. The County Court had no jurisdiction or power to appoint the said Eleazer A. Paine administrator.

2. There was no application made by any proper person, or in the proper manner, for the appointment of an administrator.

3. There being no personal estate or debts in the State of Illinois, the County Court of Warren county could not appoint an administrator.

4. The letters of administration are informal, irregular and erroneous, and, if any could be issued, they ought to be to the public administrator.

The defendant joined in error.

Mr. B. C. TALIAFERRO and Messrs. GOODWIN & LARNED, for the defendant in error, contended that this court has no jurisdiction of this writ of error to the County Court, the proper remedy being an appeal to the Circuit Court.

Messrs. A. G. & J. M. KIRKPATRICK, and Messrs. GOUDY & CHANDLER, for the plaintiffs in error, *contra*.

Per CURIAM: We are of opinion that a writ of error does not lie to a County Court for the purpose of bringing in review the action of that court in the appointment of an administrator of an estate.

It is true, in the case of *The Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 487, a writ of error to the County Court was entertained, but that case is clearly distinguishable from this. That was a writ of error brought to reverse an order of the County Court for a sale of real estate, at the instance of an administrator, for the payment of debts.

The County Court had been given jurisdiction, concurrent with the Circuit Court, in applications of that character, and thereby the proceedings in the County Court upon such applications were made subject to review in the same manner as proceedings in the Circuit Court could be reviewed in like applications.

In this case, however, the jurisdiction of the County Court was exclusive. An appeal could have been taken to the Cir-

cuit Court, and the law provides no appeal directly to this court. In the case referred to in 23 Ill. there could have been no appeal to the Circuit Court, and to prevent a failure of justice it was necessary that error should lie to this court.

No such rule of necessity need obtain here, and it could not have been the design of the law that the action of the County Court, in the exercise of its original and exclusive jurisdiction, in the matter of appointing an administrator, should be brought directly in review before this court, when an intermediate court of review has been appointed, by means of which justice may always be attained.

The writ of error must be dismissed for want of jurisdiction.

*Writ of error dismissed.*