PHILIP SCHLATTWEILER

*v.*

COUNTY OF ST. CLAIR

63    449
·186   ³477
63    449
d187 ³406

1. HIGHWAY—*damages to owner of land taken—new trial.* On the trial for the assessment of damages to the owner of land proposed to be taken for a road, it appeared that the road was of no benefit to the owner; that it took about forty-four hundredths of an acre of his land, which was worth $100 per acre; and that the establishment of the road made it necessary for him to expend $140 or more in building a fence, besides the burden of annual repairs. The jury assessed his damages at $40: *Held,* that the court erred in not granting a new trial, the verdict being against the preponderance of the evidence.

2. APPEAL OR WRIT OF ERROR—*in what cases it lies.* Under the present constitutional provisions, an appeal or writ of error will lie from the judgment of the circuit court in refusing to grant a new trial on the assessment of damages caused by the laying out of a highway, and such proceedings may be reviewed by this court.

3. SAME—*right secured by constitution.* Under sections 2 and 8 of article 6 of the constitution of 1870, the right of parties to an appeal or writ of error to this court is made a constitutional right, and must be allowed when claimed.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. JOSEPH GILLESPIE, Judge, presiding.

29—63D ILL.

Messrs. SNYDER & DILL, for the plaintiff in error.

Mr. WILLIAM WINKELMAN, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an appeal from the county court of St. Clair county to the circuit court, from an assessment of damages on a petition for the change and re-location of a public highway in that county.

Appellant is the owner of the land taken for the road, and he will be required to expend one hundred and forty dollars or more to erect the necessary fence, besides the burden of annual repairs thereof. The road is of no benefit to him, and takes about forty-four hundredths of an acre of his land, which the proof shows is worth one hundred dollars per acre.

The jury in the circuit court allowed appellant forty dollars as the extent of his damages.

We are of opinion the verdict is against the great preponderance of the evidence, and does appellant injustice. He is entitled to the full measure of damages, and the testimony is overwhelming that it greatly exceeds the amount of the verdict.

The court, in effect, so instructed the jury, and they have found against the instruction of the court, and against the preponderance of the evidence.

The motion for a new trial, for the reason given, should have been allowed. The evidence may be said to be slightly conflicting, but it so greatly preponderates in favor of appellant as to require a new trial.

The point is made by defendant in error that a writ of error will not lie in this case, and reference is made to the case of *Coon* v. *Mason County,* 22 Ill. 666, and *Mason County* v. *Harper,* 44 ib. 482, where it was so held. In those cases the constitutional right to an appeal or writ of error was not raised.

Section 2 of article 6 of the constitution gives to the Supreme Court appellate jurisdiction *in all cases*, except cases relating to the revenue, in *mandamus* and *habeas corpus*, in which cases it has original jurisdiction. By section 8 of the same article it is provided that appeals and writs of error may be taken to the Supreme Court held in the grand division in which the case is decided, or, by consent of parties, to any other grand division.

The right to appeal or to sue out a writ of error is a constitutional right, and must be allowed when claimed. See *St. L. and S. E. R. R. Co.* v. *Lux, post,* p 523.

For the reasons given, the judgment is reversed and the cause remanded, that a new trial may be had.

*Judgment reversed.*