LEWIS HALL

*v.*

GEORGE THODE.

1. WRIT OF ERROR. A writ of error is a writ of right, and the final judgment of an inferior court of record is subject to review by this court on a writ of error, except in cases where the legislature has provided otherwise.

2. SAME — *contested election.* A proceeding to contest an election being purely statutory is governed entirely by the statute, and that having provided for reviewing the action of the county court by appeal, that remedy must be pursued, and a writ of error will not lie. If no remedy by appeal had been given, then a writ of error would lie.

WRIT OF ERROR to the County Court of Woodford county ; the Hon. BAZEL D. MEEK, Judge, presiding.

Messrs. BANGS, SHAW & EDWARDS, and Mr. G. L. SIMPSON, for the plaintiff in error.

Mr. GEORGE O. BARNES, for the defendant in error.

Mr. JUSTICE BREESE delivered the opinion of the Court:

The parties to this writ of error were competing candidates for the office of clerk of the circuit court of Woodford county. The certificate of election was awarded to George Thode ; whereupon Lewis Hall, plaintiff in error, instituted proceedings in the county court of Woodford, under the act of 1872, to contest the election.

There are no objections to the preliminary proceedings in that court, which, on a full hearing, decreed against the contestant, who sues out this writ of error to reverse the same.

The first question made is, that a writ of error does not lie in the case. It is contended that the proceeding is wholly statutory and must be controlled by the statute. In *Moore* v. *Mayfield*, 47 Ill. 167, which was a case of contested election, this court said the proceeding in court was merely statutory, for the purpose of recanvassing the votes cast at the election, and the finding of the result is not a judgment in the sense in which that term is used in the law giving the right to prosecute a writ of error, nor is the proceeding by which that result is reached, a "case," within the meaning of the constitution. This decision was had under the constitution of 1848, which contained this provision: Sect. 52, Art. 5, the Supreme Court may have original jurisdiction in cases relative to the revenue, in cases of *mandamus*, etc., and shall have appellate jurisdiction in all other cases.

The statute then in force upon this subject provides, (Rev. Stat. 1845, p. 424,) that on an appeal to the circuit court from the decision of the justices in the matter of a contested election, the decision of that court should be final. It was held, notwithstanding this constitutional provision, the legislature had the power to declare that the decision of the circuit court, in a matter of that character, should be final.

Since this decision, the State constitution has been amended, in fact a new one adopted, which contains this provision: Section 19, Article 6. "Appeals and writs of error shall be allowed from final determinations of county courts as may be provided by law."

Plaintiff in error contends, that the writ of error is a writ of right, and that the legislature has in no manner inhibited bringing it to review the decision of an inferior court of record.

This court has repeatedly held, that the writ of error is a writ of right, but it has never held the legislature was powerless to limit its issuance The general principle is undoubtedly correct, that a final judgment of an inferior court of record is subject to review by this court on a writ of error, except in cases where the legislature has otherwise provided.

The question then is, has the legislature otherwise provided in cases like this, to procure a review of the judgment of the county court.

These proceedings are purely statutory, having no vigor outside of the statute, and it is an unvarying principle that the requirements of the statute must govern and control them. By Section 123 of ch. 46, Title "Elections," R. S., 1874, it is provided, "in all cases of contested elections in the circuit courts or county courts, appeals may be taken to the Supreme Court in the same manner and upon like conditions as is provided by law for taking appeals in cases in chancery from the circuit courts."

Here is a specific remedy provided in a specific case, not one arising in the usual course of litigation, but exceptional. It is a familiar principle in such cases, where the organic or statute law has given a specific remedy, that remedy must be pursued. In contested elections before a county court, the remedy, and the only one, to correct a supposed error in the judgment, is by appeal, and this remedy can alone be invoked. Had not this remedy by appeal been specially provided, there could be no doubt a writ of error would lie. In our opinion, this special provision has taken away, by a reasonable implication, the remedy by error. There is nothing shown in this case preventing the aggrieved party from taking an appeal.

There is no want of authority on this question. *Savage* v. *Gulliver*, 4 Mass. 171; *Jarvis* v. *Blanchard*, 6 ib. 4, where in both cases it was held that the remedy of a party aggrieved by a judgment from which an appeal was given, must be pursued by appeal, unless when, without *laches* on his part, he had no opportunity of taking an appeal.

This proceeding not being according to the course of the common law, but statutory merely, must be governed by the law prescribed for such proceedings. We are clear, on reason and authority, that a writ of error does not lie in this case, and accordingly the writ is dismissed.

*Writ dismissed.*