MARTIN LAVIN, Admr., Defendant in Error, _vs._ THE WELLS BROS. COMPANY, Plaintiff in Error.

_Opinion filed April 20, 1916._

1. APPEALS AND ERRORS—_what determines right of appeal in a proceeding under the Workmen's Compensation act of 1911._ Since the Workmen's Compensation act of 1911 makes no provision for an appeal to the Appellate Court or Supreme Court, the question whether an appeal will lie from the judgment of a court of record awarding compensation under such act depends upon whether the proceeding is a "suit or proceeding at law or in chancery."

2. SAME—_when proceeding for compensation is appealable under the general law._ A proceeding for compensation under the Workmen's Compensation act of 1911 becomes a proceeding at law when an appeal is taken from the determination of the arbitrators and a trial _de novo_ is had in a court of record, and the final judgment in such case, being of the same kind as in any other claim for money in a court of law, may be appealed from under the general provisions of the Appellate Court act and the Practice act.

3. SAME—_what is included in the expression "suit or proceeding at law or in chancery."_ The term "suit or proceeding at law or in chancery," as used in the Appellate Court act and the Practice act, includes every claim or demand known at the time of the adoption of the constitution as an action at law or suit in chancery and all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced in law or chancery, but does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced in law or chancery.

272 — 39

4. WORKMEN'S COMPENSATION—*liability under the Workmen's Compensation act is a contract liability.* The liability of one who accepts the provisions of the Workmen's Compensation act of 1911 is a contract liability not differing in its nature from any other liability arising out of contract, even though the right to compensation is a fixed, statutory right.

WRIT OF ERROR to the Branch "D" Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. CLARENCE N. GOODWIN, Judge, presiding.

F. J. CANTY, E. A. ZIMMERMAN, and R. P. GARRETT, for plaintiff in error.

GORMAN, POLLOCK & LIVINGSTON, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Thomas Lavin was employed by the Wells Bros. Company, a corporation, and suffered injuries from which he died on January 16, 1913. Martin Lavin, administrator of his estate, applied to the superior court of Cook county for the appointment of the third arbitrator to determine the question of his right to compensation, and the amount of the same, under the Workmen's Compensation act of 1911. The court appointed an arbitrator and an award was made, from which the corporation appealed to the court. The cause was tried by the court without a jury, and there was a finding for the administrator and an order that the corporation should pay to him $3500, in equal weekly install-ments of $8.61. From that judgment the corporation was allowed and perfected an appeal to the Appellate Court for the First District. The Appellate Court dismissed the appeal on the ground that the law did not allow an appeal from the judgment and therefore the court had no jurisdic-

tion. The record has been brought to this court by writ of *certiorari*.

The Appellate Court act and the Practice act provide for appeals from final judgments, orders or decrees in any suit or proceeding at law or in chancery, and the question whether an appeal will lie from the judgment of a court under the Workmen's Compensation act depends upon whether the proceeding in the court is a suit or proceeding at law or in chancery. The term "suit or proceeding at law or in chancery" includes every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery, and also all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery, but does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery. (*Douglas* v. *Hutchinson*, 183 Ill. 323.) There was previous to the enactment of the statute in question a liability of the employer to his employee for negligence of the employer resulting in injury and damage which could be enforced by an action at law. The statute gives the employer his choice whether to accept its provisions extending that liability to all cases or to forfeit substantial defenses previously accorded to him by the law, leaving the legal liability as it was but without those defenses. The statute provides that upon acceptance its provisions shall be regarded as a part ·of the contract of hiring, and that the measure of liability of the employer for an injury shall be determined according to the provisions of the act. The liability is a contract liability not different in its nature from any other liability arising out of contract. It is true that the right to the compensation fixed is a statutory right, but it is not of any different character from the right to compensation for an injury within the limits of the law as it previously existed.

It is a right to receive as compensation a sum of money fixed by the statute, in such amounts and at such times as the court shall determine. A method is provided for the determination by arbitrators whether an injured employee suffered his injury while engaged in the line of his duty in his employment and determining the measure of liability of the employer. That is not a judicial proceeding, but the statute provides for an appeal and a trial *de novo* in a court, and that provision is for a judicial remedy, which begins with the appeal to the court. (*City of Aurora* v. *Schoeberlein,* 230 Ill. 496; *Conover* v. *Gatton,* 251 id. 587.) The proceeding is of the same nature as any suit or proceeding at law for the purpose of fixing a liability and recovering money, and the result is either an order for the payment of money or the defeat of the claimant. The nature of the right, the method of proceeding and the judgment are of the same kind as in any other claim for money in a court of law.

In the case of *Lauruszka* v. *Empire Manf. Co.* 271 Ill. 304, a writ of error was sued out of this court to the county court and there was a motion to dismiss the writ, which was denied. The ground of the motion was that an appeal should have been taken to the circuit court, and in considering that question the right to an appeal was classed, under the Appellate Court act and Practice act, with various proceedings in which an appeal was allowed to the Appellate Court or Supreme Court, according to the questions involved. The opinion of the court was that the proceeding was of such nature as to give a right of appeal to the Appellate Court, and by the same statute a writ of error could be sued out of this court because the constitutionality of the statute in question was involved.

The judgment of the Appellate Court is reversed and the cause is remanded to that court, with directions to consider the errors assigned.

*Reversed and remanded, with directions.*