CARL CHRISTENSEN, Appellee, vs. THE R. W. BARTEL-
MANN COMPANY, Appellant.

*Opinion filed April 20, 1916—Rehearing denied June 9, 1916.*

1. APPEALS AND ERRORS—*what is not a suit or proceeding at law
or in chancery.* The terms "suit or proceeding at law or in chan-
cery," as used in section 91 of the Practice act, and "all causes in
law or in equity," as used in the constitution with reference to the
right of appeal, do not apply to special statutory proceedings in-
volving rights and providing remedies of a kind not existing be-
fore the adoption of the constitution, either at law or in equity.

2. SAME—*right of appeal from judgment of the circuit court
awarding compensation under the act of 1911.* While the Work-
men's Compensation act of 1911 did not provide for an appeal to
the Appellate Court from a judgment of the circuit court awarding
compensation, and while the right to compensation is a statutory
right and the method of its enforcement is not, in its primary
stages, according to the course of the common law, yet the char-
acter of the right is the same as that of a simple creditor, the pro-
cedure in the circuit court and the judgment are of a kind rec-
ognized by the common law, and the right to an appeal to the Ap-
pellate Court was therefore given by the general law governing
appeals to the Appellate Court.

APPEAL from the Branch "D" Appellate Court for the
First District;—heard in that court on appeal from the Cir-
cuit Court of Cook county; the Hon. CHARLES H. BOWLES,
Judge, presiding.

JOHN A. BLOOMINGSTON, for appellant.

JOHN J. SONSTEBY, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:.

The question to be decided in this case is whether, un-
der the Workmen's Compensation act of 1911, an appeal
was allowed to the Appellate Court from the judgment of
the circuit court rendered on an appeal from the finding
of the board of arbitration. The appellee received an in-
jury while he was employed by the appellant. The board

of arbitration decided that he was not entitled to compensation.  On his appeal to the circuit court of Cook county a jury found a verdict in his favor, upon which the court entered judgment.  An appeal was allowed to the Appellate Court, but that court, on motion of the appellee, dismissed the appeal on the ground that it had no jurisdiction. This appeal is from the order of dismissal, the court having granted a certificate of importance.

The act in question contains no provision for an appeal from the judgment of the circuit court.  If there was any right to such appeal it was by virtue of section 8 of the Appellate Court act and section 91 of the Practice act, the first of which provides that the Appellate Courts shall "have jurisdiction of all matters of appeal, or writs of error from the final judgments, orders or decrees of any of the circuit courts, or the superior court of Cook county, or county courts, or from the city courts in any suit or proceeding at law, or in chancery other than criminal cases, not misdemeanors, and cases involving a franchise or freehold or the validity of a statute."  Section 91 of the Practice act provides:  "Appeals shall lie to and writs of error from the Appellate or Supreme Court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery." Both of these statutes authorize appeals from the courts mentioned, in any suit or proceeding at law or in chancery. The question therefore is whether the proceeding under the Workmen's Compensation act of 1911 in the circuit court on appeal was a proceeding at law or in chancery, within the meaning of the sections of the Appellate Court act and the Practice act which have been quoted.  This appeal was allowed by a proviso at the end of section 10 of the Workmen's Compensation act, as follows: *"Provided,* that either

party to such arbitration shall have the right to appeal from such report or award of the arbitrators to the circuit court or the court that appointed the third arbitrator of the county where the injury occurred by filing a petition in such court within twenty days after the filing of the report of the arbitrators, and upon filing a good and sufficient bond, in the discretion of the court, and upon such appeal the questions in dispute shall be heard *de novo,* and either party may have a jury upon filing a written demand therefor with his petition." (Laws of 1911, p. 321.)

We have held that the term "suit or proceeding at law or in chancery," and the similar expression used in the constitution, "all causes in law and in equity," include every claim or demand in a court of justice which was known at the adoption of the constitution as an action at law or a suit in chancery and all actions since provided for in which personal or property rights are involved of the same nature as previously existing actions at law or in equity, but they do not apply to special statutory proceedings involving rights and providing remedies which were not of a kind previously existing either at law or in equity. (*Douglas* v. *Hutchinson,* 183 Ill. 323; *Grier* v. *Cable,* 159 id. 29; *Brueggemann* v. *Young,* 208 id. 181; *Myers* v. *Newcomb Drainage District,* 245 id. 140.) These cases decide that the presentation of a claim in the county court and the proceedings there for its allowance and classification, the contest of an election and the proceedings for the establishment of a drainage district are all statutory proceedings, to which the term "suit or proceeding at law or in equity" does not apply. The rights sought to be secured by such proceedings were conferred only by statute and the manner of proceeding was not in accordance with the common law method. The practice of entertaining an appeal from a judgment of the circuit court rendered on an appeal from a judgment of the county court allowing or rejecting a claim has, however, been uniformly recognized. The right

sought to be enforced in this proceeding is a statutory right which did not exist at common law, is not a claim for damages, but is a claim for compensation provided by the statute. While it is not a right which existed at common law, it is not different in character from such rights. The claim to compensation is a property right,—the right to receive a sum of money fixed by the statute in such amounts and at such times as the court shall determine. It is a right of the same general character as that of any simple creditor. The method provided for its enforcement is not in its primary stages in accordance with common law methods. The selection of the board of arbitration, the hearing of the case on its submission to them and the finding made by them are purely statutory, as in the case of a claim presented in the county court for probate; but, as in that case, the method of enforcement assumes a different aspect in the circuit court and the proceedings are according to the course of the common law, the result is a judgment rendered for the payment of money and the award of execution for its collection. The manner of beginning the proceeding in the circuit court is not substantially different from an appeal from the judgment of the county court on a probated claim or an appeal from a justice of the peace, and it is almost exactly the procedure provided for the review of the judgments of justices of the peace by writ of *certiorari*. The character of the right, the method of procedure and the judgment rendered are all of the kind recognized by the common law and bring the case within the terms of the statute providing for appeals to the Appellate Court.

The judgment of the Appellate Court dismissing the appeal will be reversed and the cause will be remanded to that court, with directions to hear it upon its merits.

*Reversed and remanded, with directions.*