(No. 13800.—Writ dismissed.)

THE WETAUG DRAINAGE DISTRICT, Plaintiff in Error, *vs.* THE ILLINOIS CENTRAL RAILROAD COMPANY *et al.* Defendants in Error.

*Opinion filed April 21, 1921.*

DRAINAGE—*writ of error does not lie to review order dismissing drainage proceeding for loss of jurisdiction.* A proceeding to organize a drainage district is purely statutory, and a writ of error does not lie to review a final order of the county court dismissing a drainage proceeding because it has lost jurisdiction for want of a continuance to a day certain for the report of the commissioners where there is no statute authorizing the writ.

WRIT OF ERROR to the County Court of Pulaski county; the Hon. FRED SMITH, Judge, presiding.

C. S. MILLER, for plaintiff in error.

W. S. HORTON, C. E. FEIRICH, and GILBERT & GILBERT, for defendant in error the Illinois Central Railroad Company.

WARDER & WARDER, and GILBERT & GILBERT, for other defendants in error.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On August 19, 1918, the county court of Pulaski county entered an order declaring a body of lands in Pulaski, Alexander and Union counties organized as a drainage district

under the Levee act by the name of Wetaug Drainage District, appointed C. E. Keller, E. C. Mowery and J. E. Gleason commissioners of the district and continued the cause for further hearing until September 30, 1918. On March 19, 1919, a petition was filed for the annexation to the district of a considerable area of lands, in which the petitioners recited that they constituted more than one-third of the owners of such lands and represented more than a major portion thereof. On March 11, 1920, the commissioners filed their report, including with the lands described in the original petition the lands described in the petition for annexation and recommending that the same be embraced in the boundaries of the district. The report contained a general survey of the lands and plans for drainage, with specifications for the construction of the work. Objections of the Illinois Central Railroad Company and a large number of owners of land were filed, alleging, among other objections, that the court had lost jurisdiction for want of a continuance to a day certain for the report of the commissioners, as required by statute. Counsel for the petitioners and commissioners then asked leave to withdraw from the files of the court the original petition and the petition to annex territory to the district and the report of the commissioners. The motion was resisted by the objectors, including one or more of the original petitioners, and the motion was denied. There was no record of a continuance on September 30, 1918, and counsel for the petitioners and commissioners moved the court to enter an order *nunc pro tunc* as of that date, continuing the cause for the report of the commissioners to November 2, 1918. The motion was based on alleged minutes of the judge of the court and was denied. Thereupon a motion was made to set aside the order appointing the commissioners and for leave to amend the original petition and to consolidate the same with the petition to annex territory, and that the cause be set down for hearing and for the re-appointment of com-

missioners, and this motion was denied. Counsel then moved the court to enter an order directing the commissioners to proceed to discharge their duty and make a report and that a day should be set for the hearing of the report, and that motion was overruled. A final order was entered reciting that the objection to the jurisdiction of the court on the ground that the cause was not continued to a day certain, as required by section 12 of the Drainage act, was sustained, and the cause was dismissed at the cost of the petitioners. A writ of error was sued out of this court for a review of the judgment, and the record has been returned in obedience to the writ.

In the brief and argument for the defendants in error it was contended that there was no right to a writ of error; that section 16 of the Drainage act only confers a right to the writ for the review of a judgment organizing a district; that section 17b only authorizes writs of error from judgments concerning benefits and damages, and that section 118 of the act regulating the practice in courts of record does not include such a proceeding as this. A reply brief has been filed, in which no mention is made of the objection to the prosecution of a writ of error and in which no statute is pointed out which authorizes the writ. This is a purely statutory proceeding not involving property rights or personal liberty, in which the jurisdiction of the county court is not exercised according to the course of the common law, and a writ of error is not a writ of right, (*Loomis* v. *Hodson,* 224 Ill. 147; *Cataldo* v. *Ostiuso,* 253 id. 138;) and one suing out a writ of error must be able to point to a statute creating the right. We are not referred to any statute of that character, and for want of such a statute the writ cannot be maintained.

Therefore the writ of error is dismissed.

*Writ dismissed.*