(No. 18904.

THE PEOPLE OF THE STATE OF ILLINOIS *vs.* ORVILLE GALE, Appellant.—(HAROLD ISENBURG, Appellee.)

*Opinion filed April 17, 1930.*

CLAUDE E. CHIPERFIELD, B. M. CHIPERFIELD, and ROBERT B. CHIPERFIELD, for appellant.

E. E. BLACK, and GLENN RATCLIFF, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellant, Orville Gale, prosecutes this appeal from an order of the county court of Fulton county releasing to Harold Isenburg a Ford automobile claimed to be owned by Isenburg.

On January 10, 1927, an information was filed in the county court of Fulton county charging appellant with possessing this automobile with an altered engine number, and he gave bond for his appearance. On January 21, 1927, on petition of the State's attorney the county court entered an order impounding the automobile with the sheriff until the trial. At the March term, 1927, appellant filed a petition

for a change of venue from the county judge. The county judge of Tazewell county was called in to try the case, but it was not tried at that term of court. On December 19, 1927, Isenburg filed a petition for the release of the automobile from the impounding order. A notice of the filing of the petition was served on the State's attorney and the hearing was set for December 29, 1927. A copy of this notice was served on the attorneys for appellant. The notice stated that a petition had been filed for the release and surrender of the automobile. On the day of the hearing the attorneys for appellant appeared and told the court that neither they nor appellant would appear, for the reason that no legal or valid notice had been given of the pendency of the petition and that the court was without jurisdiction of the necessary parties. The attorneys for appellant then withdrew and the court proceeded to hear the case. The order found that notice of the filing of the petition and of the time and place of the hearing was served upon the attorneys of record for appellant on December 28, 1927; that notice had been served upon the State's attorney, who appeared at the trial; that the court heard evidence and found that Isenburg was the owner and entitled to the possession of the automobile; that it should be released from the impounding order and possession surrendered to Isenburg, and that the original motor number had been altered or obliterated.

Section 35 of the Motor Vehicle act makes it a misdemeanor to own or have the custody or possession of a motor vehicle the original engine number of which has been destroyed, removed, altered, covered or defaced. It provides: "It shall be the duty of every sheriff, deputy sheriff, constable, chief of police or other peace officer in this State having knowledge of a motor vehicle, the engine number of which has been destroyed, removed, covered, altered or defaced, to immediately seize and take possession of such motor vehicle, arrest the supposed owner and custodian

thereof, and cause prosecution to be brought in a court of competent jurisdiction. It shall be the duty of the court to retain the custody of said motor vehicle pending the prosecution of the person arrested, and in case such person shall be found guilty said motor vehicle shall remain in the custody of the court until the fine and costs of prosecution shall be paid. * * * If at any time while such motor vehicle remains in the custody of the court or officer, the true owner shall appear and establish his title thereto, to the satisfaction of the court in which such prosecution is brought, the same shall be returned to such owner."

A motion has been made by appellee to dismiss the appeal on the ground that section 35 of the Motor Vehicle act makes no provision for an appeal from an order entered relative to the ownership of the property, and therefore this court is without jurisdiction to entertain this appeal.

The right of appeal in any case exists only by virtue of the statute granting it. (*Drainage Comrs.* v. *Harms,* 238 Ill. 414; *In re Petition of Forbes,* 316 id. 141; *State of Illinois* v. *Ajster,* 318 id. 230.) Section 91 of the Practice act provides that "appeals shall lie to and writs of error from the Appellate or Supreme Court, as may be allowed by law, to review the final judgments, orders or decrees of any of the circuit courts, the superior court of Cook county, the county courts or the city courts and other courts from which appeals and to which writs of error may be allowed by law, in any suit or proceeding at law or in chancery." If the proceeding under section 35 of the Motor Vehicle act as to the ownership of this automobile was a suit or proceeding at law or in chancery within the meaning of this statute there was a right of appeal. (*Christensen* v. *Bartelmann,* 273 Ill. 346; *Lavin* v. *Wells Bros.* 272 id. 609.) The phrase, "suit or proceeding at law or in chancery," includes every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery. It also includes all actions

since provided for in which personal or property rights are
involved of the same nature as those previously enforced
by actions at law or in chancery. It does not include spe-
cial statutory proceedings involving rights and providing
remedies which are not of a kind previously enforced, either
at law or in chancery. If the right sought to be asserted is
one which did not exist at common law but is of statutory
origin and is similar in character to a common law right,
it is not essential that the provisions for the enforcement of
the right in its primary stages be in accordance with com-
mon law methods, if, when the right is later asserted in a
court of record, the procedure for its enforcement assumes
the aspect of a procedure according to the course of the
common law. In such case section 91 of the Practice act
applies. (*Phelps* v. *Board of Appeals,* 325 Ill. 625.) If,
however, the right is a statutory one, non-existent at com-
mon law, and the method for its enforcement is not accord-
ing to the course of the common law, the Practice act is
not applicable and the particular statute is conclusive on
the question of the right of review. (*In re Petition* of
*Forbes, supra.*) In *Christensen* v. *Bartelmann, supra,* and
*Lavin* v. *Wells Bros. supra,* this court held that the proceed-
ing in the circuit court on appeal from the report or award
of arbitrators under the Workmen's Compensation act of
1911 was a proceeding at law within the meaning of sec-
tion 91 of the Practice act and section 8 of the Appellate
Court act. In *Sellers* v. *Thomas,* 185 Ill. 384, it was held
that the trial of the right of property as provided in sec-
tions 68 to 81 of chapter 77, while it was not a suit at
common law was a proceeding at law within the meaning
of section 8 of the Appellate Court act, and that an appeal
in such case from the county court should be taken to the
Appellate Court and not to the circuit court, and that the
trial of the right of property was merely another form of
the action of replevin without formal pleadings. In this
case the question of the ownership and the right to the

possession of personal property was involved. It involved an attempt to decide property rights which under the common law could be determined in an action of replevin, and appellant had a right to appeal from the judgment rendered.

It is insisted by appellant that the county court at its law term, under section 18 of article 6 of the constitution, did not have jurisdiction of the subject matter to ascertain the ownership of the automobile or to summarily dispose of it and restore it to the person who claimed it; that the part of section 35 of the Motor Vehicle law which authorizes the court to determine the ownership of the property is unconstitutional because it deprived appellant of his property without due process of law and without a trial by jury; that no sufficient petition was filed to authorize an order transferring the possession or the ownership from Gale to Isenburg; that Gale and the sheriff were necessary parties and were not served with notice, and that no rule was entered against Gale to plead to the petition and no default was taken against him.

The appeal was taken to this court on the ground that section 35 of the Motor Vehicle law was unconstitutional because it deprived appellant of his property without due process of law. In *People* v. *Marquis,* 291 Ill. 121, this court considered the question of the constitutionality of a section of the Search and Seizure act which provided for the destruction of the property seized, without notice to the parties interested. The facts are not identical with the facts in this case but the rules announced are applicable to this case. Many authorities were reviewed in that opinion. It was held that due process of law in the regular course of judicial proceedings requires notice to the defendant before he or his property can be condemned; that this notice is a matter of right and not a matter of favor; that a law which purports to authorize the condemnation of private property or the adjudication of the rights of parties therein without notice, confers no authority on the

court to hear the matter and is no justification for a judgment against the defendant, even though, as a matter of fact, it may happen that in that particular case the defendant had knowledge of the proceedings; that a summary hearing of which no notice is required to be given to a person whose rights are affected, and a judgment based upon such a hearing, do not constitute due process of law; that such a judgment is not binding upon the parties against whom it is rendered and confers no rights against them or their property, and that where a statute makes no provision for lawful procedure for the determination of the property rights the court is without authority to make any order for any purpose. To the same effect are *People v. Lavendowski,* 329 Ill. 223; *City of Chicago v. Cohn,* 326 id. 372; *People v. Cohen,* 219 id. 200.

Section 35 of the Motor Vehicle act requires no pleadings, does not prescribe any method of procedure and makes no provision for any notice of any kind or character to any party in interest. It simply gives the court plenary and arbitrary power, at any time while such automobile is in the custody of the court officers, upon the demand of any person claiming to be the owner, to hear and determine the question of ownership and order the car released to the party claiming to be the owner. Appellant was charged with having in his possession an automobile in which the engine number had been altered. He had given a bond but his case had not been tried. The presumption of law was that he was innocent of the offense with which he was charged, and yet the court proceeded to hear and determine the ownership of the automobile and rendered judgment that it was the property of appellee. The petition prayed that the automobile be released from the impounding order. The notice served asked that it be released from the impounding order and that appellee be declared to be the owner. The judgment was in accordance with the notice and not with the petition.

That part of section 35 of the Motor Vehicle act which authorizes the court to determine, without notice, that an automobile is the property of any particular person and order it turned over to the so-called owner is clearly in violation of the rules announced in the *Marquis case,* and that part of section 35 is unconstitutional, null and void.

The judgment in this case is reversed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment reversed.*