(No. 21148.— )

FRANK SEGER *et al.* Appellees, *vs.* H. G. BEARDSWORTH *et al.* Appellants.

*Opinion filed April 23, 1932—Rehearing denied June 8, 1932.*

WOOD & WARNER, and J. J. LUDENS, for appellants.

MCCALMONT, RAMSEY & LITTLE, and CRAIG & CRAIG, for appellees.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellees, who are the commissioners of the Whiteside and Rock Island Special Drainage District of the counties of Whiteside and Rock Island, filed their petition in the county court of Whiteside county under section 37 of the Levee act (Cahill's Stat. 1931, chap. 42, p. 1135,) for an additional assessment of $164,544.50. Objections to the petition were filed by appellants, who are property owners. The court entered an order defaulting certain defendants, striking the objections of appellants from the files, reciting that testimony was thereupon introduced and the court found in favor of the petitioners, certain specific findings of fact were made, an additional assessment was directed to be made as prayed, a jury was ordered to be impaneled to determine the benefits and damages, and appellants were allowed an appeal to this court.

Appellees insist that the order in question is an interlocutory order, that there is no statutory provision for an appeal from an interlocutory order, and that this appeal should be dismissed. Appellants insist that the order is a final order and that the appeal was properly prosecuted.

Proceedings for the organization of drainage districts, the manner of conducting their business and provisions for appeals from court orders entered in suits based thereon are governed entirely by statute. (*Wetaug Drainage District* v. *Illinois Central Railroad Co.* 297 Ill. 350; *Bissell* v. *Edwards River Drainage District,* 259 id. 594; *People* v. *Lease,* 248 id. 187.) The Drainage act as originally passed made no provision for an appeal from the order organizing the district. The first order from which an appeal could be prosecuted was the order confirming the assessment roll.

(*Damon* v. *Barker,* 239 Ill. 637.) Section 16, as amended in 1913, (Cahill's Stat. 1931, chap. 42, p. 1129,) provides the form of the order declaring the district organized. It provides that the order shall be final and that an appeal may be taken to this court to review the order. Section 17*b* of the same chapter provides for the assessment of damages and benefits by a jury, the entry of a judgment thereon, and that appeals may be allowed therefrom the same as in cases of appeals from county courts in proceedings for the sale of land for taxes or special assessments. Section 37 of the same chapter provides that additional assessments from time to time may be levied on the land within the district for certain purposes therein specified; that upon the hearing of a petition for an additional assessment the court may grant the prayer of the petition and cause a jury to be impaneled to make the assessment, with like proceedings and notice, as nearly as may be, as in cases of original assessments of damages and benefits under the act, and such additional assessment, when made, shall have the same force and effect and be collected in the same manner as original assessments.

In *Inlet Drainage District* v. *Anderson,* 257 Ill. 214, the district was organized under the Levee act. A petition was filed under section 37 for an assessment for additional work. Objections were filed to the petition and they were overruled. An order was entered authorizing the work to be done and an assessment to be made to pay for the same. Several prior petitions had been filed for additional assessments, which petitions had been dismissed either by the court or by the petitioners. As ground for reversal of the order entered on the last petition it was insisted that a prior order of November 30, 1909, directing the commissioners to make an additional assessment, was a bar to the order from which the appeal was prosecuted, and that the court was without jurisdiction, at a subsequent term, to set aside the order of November 30, 1909. This court held that the

order of November 30, 1909, was an interlocutory order, and that the court thereafter had the power to set aside that order at any time before the final judgment of confirmation was made. This decision conclusively determines the question that the order entered in the case at bar is an interlocutory order.

In *Gray* v. *Beaver Pond Drainage District,* 334 Ill. 383, there was an appeal from an order of the county court overruling the legal objections of appellants to the petition of appellees for an additional assessment under section 37 of the Levee act. Appellees contended that this was not a final order—that it was an interlocutory order, and that no appeal could be prosecuted from it. This court held that this was an interlocutory order, and that appeals from interlocutory orders are not permissible under the provisions of the Drainage act; that the drainage statute contains only two provisions for appeals, one of them being in section 16 and the other in section 17*b;* that the appeal provided for in section 16 relates only to appeals from orders declaring the district organized and has no application to appeals from orders entered under section 37; that the provision for appeal in section 17*b* relates to judgments confirming original and additional assessments; that it is expressly provided in section 37 that the provisions of section 17*b* shall control the procedure for an additional assessment under section 37, and that because there is no specific provision for appeals from orders on petitions under section 37, except as provided in section 17*b,* after the assessment roll is confirmed, the appeal would have to be dismissed.

Appellants insist that they are entitled to an appeal under section 3 of the act of 1909. (Laws of 1909, p. 171; Cahill's Stat. 1931, p. 925.) This statute, according to its title, was passed in 1909 in order to give circuit courts of the State and the superior court of Cook county concurrent jurisdiction with county courts in the organization and op-

eration of farm and levee districts. Sections 1 and 2 confer such jurisdiction on the superior court of Cook county and all circuit courts of the State. Section 3 is as follows: "Appeals may be taken from the final orders, judgments and decrees from either of the county or circuit courts to the Supreme Court." In *Gray* v. *Beaver Pond Drainage District, supra,* the right of appeal was based upon section 3 of the act of 1909. It was there held by this court that orders entered under section 37 for additional assessments are merely interlocutory orders and that no appeal lies from such orders; that the 1909 amendment relates only to orders entered declaring the district organized and has no application to orders entered under section 37, and that appellants had no right of appeal under the 1909 amendment and the appeal would have to be dismissed. It was also stated in that case that such a holding would work no hardship upon appellants because the order complained of might be reviewed by appeal or writ of error from the final order confirming any assessment levied against appellants thereunder.

Cases are cited by appellants from other States defining final orders and determining when appeals may be prosecuted therefrom, but as this court has directly passed upon the question at issue in this case contrary to the contention of appellants it will not be necessary to consider these cases.

The appeal was prosecuted without statutory authority, and it is dismissed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Appeal dismissed.*