(No. 26944.—Decree affirmed.)

SUPERIOR COAL COMPANY, Appellant, *vs.* THOMAS J. O'BRIEN *et al.,* Appellees.

*Opinion filed May 20, 1943—Petition for rehearing dismissed September 14, 1943.*

MICHAEL M. PHILLIPS, and NELSON TROTTMAN, (WILLIAM T. FARICY, of counsel,) for appellant.

GEORGE F. BARRETT, Attorney General, (WILLIAM C. WINES, of counsel,) for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

This appeal is a sequel to *Superior Coal Co.* v. *Department of Finance,* 377 Ill. 282. The Department of Finance made an assessment of $102,730.75 against the Superior Coal Company, representing retailers' occupation taxes and penalties from July 1, 1933, through May, 1935. Thereafter, the taxpayer instituted a *certiorari* proceeding in the superior court of Cook county, conformably to section 12 of the Retailers' Occupation Tax Act. November 28, 1940, the court quashed the return of the Department of Finance, and the Department prosecuted an appeal to this court, seeking a reversal of the judgment rendered against it. The cause was heard on its merits, no question of the jurisdiction of this court over the subject matter of the

proceeding being raised by the parties. June 17, 1941, we reversed the judgment of the superior court and remanded the cause, with directions to quash the writ of *certiorari* and to render judgment in favor of the Department of Finance and against the Superior Coal Company for $102,730.75. The mandate of this court issued January 20, 1942, and, on the next day, was filed in the superior court. February 10, 1942, in obedience to the mandate, the superior court entered judgment in favor of the Department and against the coal company for $102,730.75. Executions were caused to be issued to Cook and Macoupin counties, and were served by the sheriffs of the respective counties on March 13 and 14, 1942. March 18, 1942, the coal company made a motion to vacate the judgment order of February 10, 1942, and to recall the executions, or, in the alternative, to quash them. The motion was denied.

April 27, 1942, the plaintiff in the present action, the Superior Coal Company, filed a complaint in the superior court of Cook county against the defendants, the sheriffs of Cook and Macoupin counties, the Attorney General of the State, and the Director of Finance, individually and in their official capacities, setting forth the facts previously recounted. The gist of plaintiff's complaint is that the Retailer's Occupation Tax Act contains no provision for appeal from, or review of, decisions of the circuit and superior courts, and that, consequently, this court is without jurisdiction to entertain appeals from judgments in *certiorari* proceedings under section 12 of the Retailers' Occupation Tax Act. Plaintiff charged that because of the asserted lack of jurisdiction over the subject matter of the appeal in *Superior Coal Co.* v. *Dept. of Finance,* 377 Ill. 282, the judgment of this court of June 17, 1941, was void and, further, that the judgment of the superior court of February 10, 1942, entered in compliance with our mandate, was likewise void. Further allegations are that the judgment of the superior court of November 28, 1940,

was a final and nonappealable judgment and, despite the subsequent proceedings on appeal and remandment, remained in full force and effect. The relief 'sought was a decree (1) declaring the judgment of the superior court of February 10, 1942, void, and the earlier judgment of November 28, 1940, still in full force and effect, and (2) restraining defendants from enforcing and satisfying the judgment of February 10, 1942. Defendants' motion to strike the complaint was sustained and, on July 2, 1942, the cause was dismissed for the want of equity and upon the merits. Plaintiff prosecutes this appeal.

The precise issue made by the pleadings is whether judgments of the circuit and superior courts in *certiorari* proceedings under section 12 of the Retailers' Occupation Tax Act are final and not subject to review either by appeal or on writ of error. Exceedingly able briefs have facilitated our disposition of the important question presented for decision.

Section 12 (Ill. Rev. Stat. 1941, chap. 120, par. 451,) provides, in part, that the circuit and the superior court of the county wherein hearings provided for in the act are held shall have power by writ of *certiorari* to the Department of Finance to review all questions of law and fact determined by the Department in administering the provisions of the statute presented by such record. This section ordains that where the court quashes the writ, it may enter judgment for the amount of the assessment made by the Department and that an execution may issue upon the judgment as in other cases. Determination of whether a person against whom an assessment is made is liable for the tax assessed can only be litigated in a proceeding on *certiorari* under section 12. (*Department of Finance v. Schmidt,* 374 Ill. 351; *Department of Finance v. Goldberg,* 370 Ill. 578; *Department of Finance v. Gold,* 369 Ill. 497.) Admittedly, the statute contains no provision affirmatively authorizing an appeal from judgments rendered in

proceedings under section 12. On the other hand, the act does not forbid a further review of the proceedings of the circuit and superior courts.

The nature of the proceeding in trial courts has received previous consideration. The writ of *certiorari* provided for is in contradistinction to the common-law writ. Statutory writs, in turn, fall into two principal classes: (1) Those in which the reviewing court is granted power to review all questions of law and fact, and the additional power to enter certain orders; (2) those where the reviewing court is given power to review all questions of law and fact but the statute is silent as to the order or orders to be entered by the court. The *certiorari* proceeding authorized by the Retailers' Occupation Tax Act is of the second class de-. scribed. Accordingly, the circuit and superior courts, in reviewing the action of the Department of Finance in assessing a tax under the statute, on a writ of *certiorari,* must either quash the writ or quash the return, and as the statute makes no specific provision for any other order the court cannot remand the cause to the Department for the taking of additional testimony. (*Clauson* v. *Department of Finance,* 377 Ill. 399; *People ex rel. Nelson Bros. Storage and Furn. Co.* v. *Fisher,* 373 Ill. 228.) As we observed in the case last cited, "When the legislature provides for *certiorari,* and no provision is made in regard to the authority of the reviewing court to enter orders, then the court is confined and limited to the authority springing from the common law." Statements in *Clauson* v. *Dept. of Finance,* 377 Ill. 399, and *People* v. *Fisher,*. 373 Ill. 228, to the effect that *certiorari* proceedings under the Retailers' Occupation Tax Act are statutory *certiorari* proceedings relate to the scope of review by the circuit and superior courts of proceedings before an administrative body, namely, the Department of Finance. The question of the jurisdiction of this court to entertain appeals in such actions was not

presented for decision, and the language employed does not purport to deny the right to a review.

Section 1 of the Civil Practice Act provides for its application to all civil proceedings, both at law and in equity, unless the application of its provisions is otherwise expressly limited, in courts of record, except in ten named actions, or other actions in which the procedure is regulated by special statutes. Section 77, corresponding to section 91 of the Practice Act of 1907, declares that appeals shall lie to the Appellate or Supreme Court, in cases where any form of review may be allowed by law. If a proceeding under section 12 of the Retailers' Occupation Tax Act with respect to the assessment of taxes is an action at law or suit in chancery, there is a right of review. (*People* v. *Gale,* 339 Ill. 162; *Christensen* v. *Bartelmann Co.* 273 Ill. 346; *Lavin* v. *Wells Bros. Co.* 272 Ill. 609.) The expression "civil proceedings both at law and in equity" is sufficiently comprehensive to include every claim or demand in a court of justice which was known at the adoption of our constitution as an action at law or a suit in chancery. Furthermore, it includes all actions since provided for in which personal or property rights are involved of the same nature as those previously enforced by actions at law or in chancery. Conversely, it does not include special statutory proceedings involving rights and providing remedies which are not of the kind previously enforced either at law or in chancery. Even if the right sought to be asserted is one which did not exist at common law but is of statutory origin and similar in character to a common-law right, there is no requirement that the provisions for the enforcement of the right in its initial stages be in accordance with common-law methods if, when the right is later asserted in a court of record, the procedure for its enforcement assumes the aspect of a procedure according to the course of the common law. (*People* v. *Gale,* 339 Ill. 162;

*Christensen* v. *Bartelmann Co.* 273 Ill. 346; *Lavin* v. *Wells Bros. Co.* 272 Ill. 609.) In such case, sections 1 and 77 of the Civil Practice Act apply and an appeal is available. *Phelps* v. *Board of Appeals,* 325 Ill. 625.

In *Lavin* v. *Wells Bros. Co.* 272 Ill. 609, the question presented for decision was whether, under the Workmen's Compensation Act of 1911, which did not provide for appeals from judgments of the circuit court awarding compensation, an appeal was allowed to the Appellate Court. Answering the question in the affirmative, this court, speaking through Mr. Justice Cartwright, said: "It is true that the right to the compensation fixed is a statutory right, but it is not of any different character from the right to compensation for an injury within the limits of the law as it previously existed. It is a right to receive as compensation a sum of money fixed by the statute, in such amounts and at such times as the court shall determine. * * * [Citations] The proceeding is of the same nature as any suit or proceeding at law for the purpose of fixing a liability and recovering money, and the result is either an order for the payment of money or the defeat of the claimant. The nature of the right, the method of proceeding and the judgment are of the same kind as in any other claim for money in a court of law." *Christensen* v. *Bartelmann Co.* 273 Ill. 346, is to the same effect.

Similarly, *People* v. *Gale,* 339 Ill. 162, holds a proceeding under section 35 of the Motor Vehicle Act to determine the ownership of an automobile which has been impounded because of an altered engine number is a "suit or proceeding at law or in chancery," within the meaning of section 91 of the Practice Act of 1907 giving the right to an appeal or writ of error, as the action involves property rights of ownership and possession, which under the common law could be determined in an action of replevin.

While it is true that the writ of *certiorari* provided by the Retailers' Occupation Tax Act differs from the common-

law writ of *certiorari* the differences are minor in the extreme. In a common-law *certiorari* proceeding the trial judge determines from the record alone whether there is any evidence fairly tending to support the order reviewed and cannot set aside the order unless it is palpably or manifestly against the weight of the evidence. In a so-called statutory *certiorari* proceeding under section 12, the court considers the whole record constituting the return to the writ, both as to questions of law and fact. No evidence is received in either instance. A consideration of the statutory proceedings discloses that the trial court is authorized to enter a money judgment if it determines the taxpayer is liable. The fact that such a judgment could not be entered at common law in a *certiorari* proceeding is not decisive for the reason that it could be rendered in an action of debt. A money judgment in a *certiorari* proceeding under the Retailers' Occupation Tax Act has the characteristics of a common-law judgment and is, for all practical purposes, essentially the same as a judgment rendered in a common-law action of debt. The gist of the proceeding, whether in a statutory *certiorari* action or in an action of debt, is the determination of a taxpayer's indebtedness for taxes. It follows that the proceeding authorized by section 12 of the Retailers' Occupation Tax Act, irrespective of its designation as a statutory *certiorari* proceeding is, nevertheless, a proceeding of the kind, character or genus known to the common law, or a common-law proceeding, as modified by statute, to determine tax liability. Since no provision was made for an appeal, resort to the common law is permissible. Under the common law, *certiorari* proceedings were subject to review on appeal (*Trustees of Schools* v. *School Directors of Union District,* 88 Ill. 100) and it follows, necessarily, that, no provision having been made for an appeal, this court had jurisdiction to entertain the appeal in *Superior Coal Co.* v. *Department of Finance,* 377 Ill. 282. *People* v. *Fisher,* 373 Ill. 228.

Even if it be conceded that the *certiorari* proceeding provided for by section 12 is, as plaintiff insists, a "purely statutory proceeding, not according to the course of the common law," the concession does not aid the taxpayer. It is established that in proceedings purely statutory and unknown to the common law, involving property rights or personal liberty, where no method of review whatever is provided but a writ of error is not expressly forbidden, a writ of error is allowed as a matter of right. (*People* v. *Scott*, 326 Ill. 327; *State of Illinois* v. *Ajster*, 318 Ill. 230; *Haines* v. *People*, 97 Ill. 161; *Village of Hyde Park* v. *Dunham*, 85 Ill. 569; *Peak* v. *People*, 76 Ill. 289; *Unknown Heirs of Langworthy* v. *Baker*, 23 Ill. 430.) *Dicta* to the same effect appear in *Kingsbury* v. *Sperry*, 119 Ill. 279; *Hall* v. *Thode*, 75 Ill. 173; *Frans* v. *People ex rel. Frans*, 59 Ill. 427; *Hobson* v. *Paine*, 40 Ill. 25. It is true that two early decisions (*Coon* ·v. *Mason County*, 22 Ill. 666, and *Marion County* v. *Harper*, 44 Ill. 482,) held that where an act authorizing a purely statutory proceeding for the laying out and condemnation of a highway expressly provided the judgment of the circuit court on appeal from the county court should be final, a review on writ of error as well as an appeal was prohibited. These cases have been expressly overruled and do not now state the law. (*Haines* v. *People*, 97 Ill. 161; *St. Louis and Southeastern Ry. Co.* v. *Lux*, 63 Ill. 523; *Schlattweiler* v. *County of St. Clair*, 63 Ill. 449.) In cases involving purely statutory proceedings, not according to the course of the common law, where an appeal or alternative method of review is expressly given, review by writ of error does not lie. (*Freeport Casualty Co.* v. *Madden*, 354 Ill. 486; *City of Chicago* v. *Chicago Steamship Lines*, 328 Ill. 309; *People* v. *Piccolo*, 275 Ill. 453; *Myers* v. *Newcomb Drainage Dist.* 245 Ill. 140; *Devous* v. *Gallatin County*, 244 Ill. 40; *Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475; *Kingsbury* v. *Sperry*, 119 Ill. 279; *Hall* v. *Thode*, 75 Ill. 173; *Hobson* v. *Paine*, 40 Ill. 25.) Again,

in cases involving purely statutory proceedings not according to the course of the common law, where no property rights are involved, a writ of error is usually denied. *Phelps v. Bd. of Appeals,* 325 Ill. 625; *Wetaug Drainage Dist.* v. *Illinois Central Railroad Co.* 297 Ill. 350; *People ex rel. Thompson* v. *Emmerson,* 294 Ill. 219; *Loomis* v. *Hodson,* 224 Ill. 147; *City of Freeport* v. *Kaiser,* 311 Ill. App. 197.

In *Haines* v. *People,* 97 Ill. 161, a proceeding in the probate court of Cook county against Haines for an alleged contempt in his neglect as administrator to make distribution of an estate pursuant to the order of the court, the question was presented as to whether a writ of error lies from this court to the probate court. The conclusion of the court was stated as follows: "A writ of error lies in this State from either this court or the Appellate Court to all inferior courts of record, for the purpose of reviewing their final determinations in all cases involving property rights or personal liberty, where no appeal is given from such inferior court of record to some intermediate court or to this court. * * * This right exists independently of any statutory or constitutional provision, by force of the common law, in all cases in which the jurisdiction of such inferior court is exercised according to the course of the common law. And in the latter class of cases the writ lies to the circuit courts, whether an appeal is given or not. Where an appeal is given it is regarded as merely cumulative."

*Unknown Heirs of Langworthy* v. *Baker,* 23 Ill. 430, is illustrative. There, an administrator applied to the county court for leave to sell land to pay the debts of a decedent. The proceeding was, of course, a statutory action. An applicable statute authorized such a proceeding in the circuit court and expressly permitted an appeal to this court. A similar statute authorized like proceedings in the county court but no right of appeal was given. On the contrary, the orders and judgments of the county court were made

final and conclusive. The proceedings in the county court were nevertheless held subject to review by writ of error without the aid of statute. The court said: "The county court then having as full and complete jurisdiction in such cases as the circuit court, and no appeal being allowed from the final order, to the circuit court, it would follow necessarily, to prevent a failure of justice, that error should lie to this court. If it was not so, the real estate of decedents would be at the mercy of the county court."

*Peak* v. *People,* 76 Ill. 289, and 71 Ill. 278, relate to appeals and review of bastardy proceedings. The Bastardy Act does not provide for review either by appeal, writ of error, or otherwise. Peak prosecuted an appeal from an adverse judgment. His appeal was dismissed as unauthorized for the reason that the action was a civil and not a criminal proceeding. (71 Ill. 278.) He then prosecuted a writ of error to review the record. Although the statute made no provision for writ of error, this court allowed the writ to review the judgment in a proceeding unknown to the common law. The court observed: "No writ of error here has been provided by statute. But, 'A writ of error is a writ of right by the common law, and lies in all cases, civil and criminal, except capital cases, but can, of course, be regulated by statute.' [Citations] If provision by law, further than the constitution be needed to authorize the writ, it is to be found in the common law. A right of appeal exists only by virtue of some statute giving it, being merely a statutory right. But it is otherwise with a writ of error."

*Village of Hyde Park* v. *Dunham,* 85 Ill. 569, was a statutory proceeding to condemn property and assess the damages incident thereto for the widening of a street in the village of Hyde Park. The village contended that a writ of error did not lie to the circuit court. Answering the contention, the court said: "If no right of appeal is allowed, (which is also questioned by defendant in error) it is clear

that a writ of error lies, for a writ of error is a writ of right, and can be prosecuted in all cases upon judgments of the circuit court, where no other mode of review is provided. [Citations] If the right of appeal is allowed, as we think it is, it is by virtue of sec. 129, art 9, of the chapter entitled 'Cities and Villages,' (Rev. Stat. 1874, p. 234,) which also recognizes, in language equally explicit, the right to prosecute a writ of error. So, in either view, the objection that a writ of error does not lie, is untenable."

A statutory proceeding, (*State of Illinois* v. *Ajster,* 318 Ill. 230,) captioned a bill in equity, was instituted in the county court of LaSalle county to close premises unlawfully occupied as a dramshop during the prohibition era. Ajster and his codefendants prosecuted a direct appeal. It was held that although an appeal was not allowed by the Illinois Prohibition Act, the cause would be treated as pending on writ of error, the State having filed briefs and joined in error. Particularly pertinent is the following observation of the court: "The right of appeal in any case exists only by virtue of a statute granting it. The Illinois Prohibition Act, which confers jurisdiction of cases of this character on the county court, makes no provision for an appeal. A writ of error, however, is a writ of right by the common law and may be prosecuted in all cases involving liberty or property rights unless prohibited by statute. (*Haines* v. *People,* 97 Ill. 161.) No motion has been made to dismiss the appeal but the appellee has joined in error, and in such case the cause is properly to be treated as pending on a writ of error. *People* v. *Elbert,* 287 Ill. 458."

*People* v. *Scott,* 326 Ill. 327, involved the personal liberty of the defendant. The proceeding was a statutory writ of *habeas corpus* to bring in the body of Scott who had been convicted of murder, sentenced to death and who, in a previous proceeding, had been adjudicated insane. Subsequently, the People sought to have him adjudicated as restored to sanity and, hence, subject to infliction of the

death penalty. A writ of error was sued out to review the judgment restoring Scott to sanity. Holding that the writ was properly issued this court pointed out that "where property rights or personal liberty is involved, independent of statutory or constitutional provisions, the writ of error lies in this court by force of the common law."

Where an alternative method of review is expressly provided, the writ of error is generally denied. In *City of Chicago* v. *Chicago Steamship Lines,* 328 Ill. 309, this court dismissed a writ of error to review a judgment in a forcible entry and detainer action. The applicable statute expressly authorized an appeal. The statement in the opinion to the effect that writs of error are not writs of right in special statutory proceedings, which are in derogation of the common law, was gratuitous and unnecessary to the decision. The statement is true where an appeal or other method of review is provided in a special statutory proceeding. To the extent that it is applied to cases where no appeal or other method of review is allowed, the statement is not in harmony with the law as announced in a long line of earlier decisions. Moreover, a court may not speak authoritatively upon questions not involved in the litigation, and expressions of opinions upon extraneous matters necessarily lack binding force. *Boddiker* v. *McPartlin,* 379 Ill. 567.

In *Freeport Motor Casualty Co.* v. *Madden,* 354 Ill. 486, a writ of error was dismissed by the Appellate Court for the reason that the Garnishment Act expressly authorized an appeal. Language in the opinion of this court to the effect that a writ of error never lies in a statutory proceeding unless expressly authorized was beside the point. The cause was properly decided in accordance with the rule that where a specific method of review, namely, an appeal, is provided by statute, a writ of error does not lie. *Dicta* to the same effect as in *Freeport Casualty Co.* v. *Madden,* 354 Ill. 486, and *City of Chicago* v. *Chicago Steamship Lines,* 328 Ill. 309, appear in *Devous* v. *Gallatin County,* 244 Ill. 40,

(election contest,) and in *Sweeney* v. *Chicago Telephone Co.* 212 Ill. 475, (condemnation proceeding). The correct rule is that writs of error lie in the absence of express statutory authority in purely statutory proceedings which are not according to the course of common law, where property rights or personal liberty are involved, because the party affected has no other mode of review. *Kingsburg* v. *Sperry*, 119 Ill. 279; *Hall* v. *Thode*, 75 Ill. 173.

Where no property rights or personal liberty are involved and no review is authorized, a review by writ of error, or otherwise, has been consistently denied. Cases to this effect involve statutory proceedings to remove a county seat (*Loomis* v. *Hodson*, 224 Ill. 147; to organize a drainage district (*Wetaug Drainage Dist.* v. *Illinois Central R.R. Co.* 297 Ill. 350;) to compel the Secretary of State to file a statement for the purpose of classifying corporate shares and regulating the sale of securities (*People* v. *Emmerson*, 294 Ill. 219) ; zoning (*Phelps* v. *Bd. of Appeals*, 325 Ill. 625.) *People* v. *Emmerson*, 294 Ill. 219, upon which plaintiff places much reliance does not support it. Although the subject matter of the cause, namely, the regulation of the sale of securities under the Securities Act did not involve property rights, the court recognized the principle supporting a review where property rights or personal liberty are involved. Holding that a writ of error would not lie from this court to review the judgment of the circuit court, the statement was made: "This was a special statutory proceeding unknown to the common law, * * * It involved no right of property or personal liberty." Similarly, *Phelps* v. *Bd. of Appeals*, 325 Ill. 625, involving the construction of a zoning ordinance, did not involve property rights but the court pointed out that a writ of error is proper in all cases involving liberty or property rights unless prohibited by statute.

The conclusion is inescapable that while a writ of error will be denied where purely statutory proceedings not in-

volving property rights are concerned and, again, even though property rights are involved where an appeal or other method of review is expressly provided, the writ is invariably allowed where property rights or personal liberty is involved and no alternative method of review is provided. Manifestly, the subject matter of *Superior Coal Co.* v. *Dept. of Finance,* 377 Ill. 282, involved property rights. Had the superior court confirmed the assessment of the Department of Finance against the Superior Coal Company, undoubtedly the latter would have deemed its property rights involved. Indeed, it is on the assumption the proceeding impaired property rights that plaintiff instituted the present action to restrain the collection of a debt for taxes owing to the State.

Since property rights are involved, it is immaterial whether the statutory *certiorari* proceeding prescribed by section 12 of the Retailers' Occupation Tax Act is a purely statutory proceeding not according to the common law or whether, instead, it is, in substance, a proceeding of the kind, character or genus known to the common law. If the former, a writ of error lies from this court to the circuit or superior court; if the latter, an appeal is properly prosecuted to this court. In either event, a review is allowed as a matter of right. If a writ of error lies to review the *certiorari* proceeding in the superior court, this court had jurisdiction of the appeal in *Superior Coal Co.* v. *Dept. of Finance,* 377 Ill. 282, by virtue of Rule 28 which provides that if appeal be improvidently employed where the proper method of review is by writ of error, this, alone, shall not be a ground for dismissal, but if the issues sufficiently appear upon the record, the cause shall be considered as if the proper method of review had .been employed, and by section 74 of the Civil Practice Act, declaring that an appeal shall be deemed to present to the court all issues which heretofore have been prosecuted by appeal and writ of error, and for the additional reason that plaintiff in the

present cause filed its brief in the appeal in *Superior Coal Co.* v. *Department of Finance* on the merits, joined in error and did not move to dismiss the appeal prosecuted by the Department of Finance.

We are constrained to observe that a single sentence in the Retailers' Occupation Tax Act specifically prescribing the mode of review by this court would have obviated the present phase of this extended litigation. No harm is done by the omission in this instance, but situations may well arise under statutes creating new rights and liabilities where immeasurable injury to taxpayers will result.

The decree of the superior court of Cook county is right, and it is affirmed.                    *Decree affirmed.*